**In re William Abraham ROBERTS, Jr., a/k/a W. A. Roberts, Jr., a/k/a William A. Roberts, Jr., a/k/a Bill Roberts, Debtor.**

**Bankruptcy No. 81–00639.**

United States Bankruptcy Court,
S. D. Alabama.

May 6, 1982.

Herbert P. Feibelman, Jr., Mobile, Ala., for debtor.

Leo A. Smith, Jr., Mobile, Ala., for First Alabama Bank of Birmingham.

## ORDER

WILLIAM G. CAFFEY, Jr., Bankruptcy Judge.

This matter having come on for hearing upon the debtor's Petition to Re-Open Estate; due notice of said hearing having been given; and evidence and arguments having been heard;

Now, therefore, the Court finds, concludes and orders as follows:

## FINDINGS OF FACT

The debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 8, 1981.

On July 22, 1981 the Court notified scheduled creditors that there were no assets in the debtor's estate from which a dividend could be paid.

The Court fixed October 5, 1981 as the last day for the filing of objections to discharge of the debtor and as the last day for the filing of a complaint to determine dischargeability of any debt.

The debtor was discharged on November 16, 1981; and on January 8, 1982 the debtor's case was closed.

In his Statement of Financial Affairs, among other occupations, the debtor stated that during the years 1972–1976 he was a "Stockholder & Director-Schmidt Corporation."

Prior to the filing of the debtor's petition in bankruptcy, the First Alabama Bank of Birmingham brought suit against the Schmidt Corporation and other defendants including the debtor. An examination of the debtor's Statement of Financial Affairs reveals that the suit was originally shown under Item 10, then partially obliterated by use of a correction fluid similar to Liquid Paper. No explanation was offered for this erasure.

The debtor did not list the First Alabama Bank of Birmingham as a creditor, although he did schedule the attorney who has defended him in the suit, as well as co-defendants, as creditors. The evidence presented at the hearing does not indicate the nature of the obligation on which the suit was based and the judgment was entered.

## CONCLUSIONS OF LAW

Under Section 350(b) of the Bankruptcy Code, the Court may reopen a case "to administer assets, to accord relief to the debtor, or for other cause."

Section 350(b) is correlated with Rule 515, Bankruptcy Rules, the first sentence of which has been unchanged and unaffected by the Bankruptcy Code.

The debtor's purpose in seeking to reopen his case is to add the First Alabama Bank of Birmingham as a creditor in order to effect a discharge of a debt owed to the Bank.

Although this is a no-asset case, and the creditor has not been denied any right to participate in a dividend, the Bank has been prejudiced by the failure of the debtor to list this creditor. The Bank has incurred additional legal expense in pursuing its judgment against the debtor, the Schmidt Corporation and the other defendants therein.

Since the debtor was discharged on November 16, 1981, the creditor, if added, would be barred from attacking the discharge. In order to afford the creditor the right to object to the debtor's discharge in this case, the discharge would have to be revoked, but no grounds appear which would justify such action. *See:* Section 727(d), Bankruptcy Code; *In re McQuality*, 5 B.R. 302, 6 BCD 766 (Bkrtcy.S.D.Ohio 1980).

The circumstances of this case do not justify granting the debtor's Petition to Re-Open Estate. *See: In re Broomfield*, 3 BCD 760 (S.D.N.Y.1977).

## ORDER

Now, therefore, it is ORDERED, ADJUDGED and DECREED that the debtor's Petition to Re-Open Estate be, and it hereby is, DENIED.