**In re Donald E. LORENZEN, Sr. and Debbie L. Lorenzen, Debtors.**

**Bankruptcy No. 80–01494.**

United States Bankruptcy Court, N. D. Ohio, W. D.

June 4, 1982.

B. Janelle Butler, Toledo Legal Aid Society, Toledo, Ohio, for plaintiff.

### MEMORANDUM OPINION

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before the Court upon Debtors' Motion to Amend their Petition to include creditors, Karen Smith and Motorists Mutual Insurance Company, and Objections to the Amendment filed by those creditors.

### FACTS
The Court finds the following facts:

1.) Debtors Donald E. Lorenzen and Debbie L. Lorenzen filed their joint Chapter 7 Petition in Bankruptcy on September 15, 1980.

2.) On October 24, 1980, Debtors amended schedule A–3 to include Nationwide Insurance as an unsecured creditor. Such claim apparently resulted from an automobile accident in October 1979 in which Debtor Donald E. Lorenzen was involved.

3.) Not listed in the Debtors' schedules were the names of the objecting creditors here.

4.) The Debtors were discharged on January 12, 1981 of all dischargeable debts listed in the petition.

5.) The bankruptcy case of Donald E. Lorenzen and Debbie L. Lorenzen was closed on April 30, 1981.

6.) On September 10, 1981, a law suit based upon the October 1979 automobile accident was commenced in the Court of Common Pleas, Lucas County, Ohio, in the name of Karen L. Smith v. Donald E. Lorenzen.

7.) Debtors moved to reopen and amend their A–3 schedules on January 29, 1982.

8.) The Debtors believe the Court should allow their amendment because the spirit of the Code requires it.

9.) The creditors believe such an amendment would unduly prejudice their rights since they did not receive notice of the Bankruptcy, nor did they have actual knowledge of the filing of the petition. Further, the creditors bring to the Court's attention the rationale in the case of *Milando v. Perrone*, 157 F.2d 1002 (2nd Cir. 1946), and state that this rationale should be applied to the present facts.

## LAW

The applicable law is found in Bankruptcy Code Sections 350 and 523(a)(3) which provide in pertinent part the following:

§ 350. Closing and reopening cases.

... (b) "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

§ 523. Exceptions to discharge.

(a) "A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt....

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request...."

It is clearly within the Court's discretion to allow a case to be reopened and amended as is sought here by the Debtors. Further, such discretion may only be reversed upon a showing of clear abuse. *In re Haker*, 411 F.2d 568 (5th Cir. 1969); *Bartle v. Markson*, 357 F.2d 517 (2nd Cir. 1966); *In re Ridill*, 1 B.R. 216 (Bkrtcy.C.D.Cal. 1979).

As stated by the Court in *Milando,* supra, it is only equitable that if a creditor is to be barred from collecting a debt or pursuing a cause of action against a discharged debtor, he must receive notice of the Bankruptcy proceeding in time to file a proof of claim and participate in the administration of the estate as well as to share in any dividends from the estate. The fact that the judgment creditor would have received no dividends if he had been able to prove his claim was not a sufficient reason to disregard the mandate of § 17(a)(3) of the Bankruptcy Act. *Milando*, at 1004. The legislative history of the Bankruptcy Code indicates that the current provision, § 523(a)(3) is derived

from § 17(a)(3) and follows the current law. Therefore, the same rationale is applicable under the Code.

The case law indicates further that after a debtor is discharged, an unscheduled creditor must come forward with proof that he has not been duly scheduled. Once that burden has been met, it is the debtors' burden to show that the creditor had notice or actual knowledge of the Bankruptcy. *Hill v. Smith,* 260 U.S. 592, 43 S.Ct. 219, 67 L.Ed. 419 (1923); *Milando v. Perrone,* 157 F.2d 1002 (2nd Cir. 1946); *In re McNeil,* 13 B.R. 743, 8 B.C.D. 114 (Bkrtcy.S.D.N.Y. 1981).

Karen Smith and Motorists Mutual met their burden of proving they were not listed on the schedules. The Debtors, however, produced no evidence that these creditors received notice or had actual knowledge of the Bankruptcy. The Debtor argues alternatively that (1) notice to Nationwide Insurance on the amendment to the petition in October of 1980 was sufficient notice, and (2) even if it was not sufficient notice, the Court in its discretion, may allow the amendment if exceptional circumstances exist.

The Court does not agree that notice to Nationwide Insurance was sufficient to notify Karen Smith or Motorists Mutual Insurance Company, and as far as this Court can determine, neither Motorists Mutual Insurance Company nor Karen Smith receive mail at the address of Nationwide Insurance.

It is uncontroverted that the debtor is to take great care in filling out his schedules. The debtor shall be held to the standard of using reasonable diligence in ascertaining the names and addresses of all his creditors. *In re McNeil,* 13 B.R. 743, 8 B.C.D. 114 (Bkrtcy.S.D.N.Y.1981). *In the Matter of Robertson,* 13 B.R. 726 (Bkrtcy.E. D.Va.1981) *Collier on Bankruptcy,* Vol. 3, Section 523.13, at 523–78, 15th Ed. (1981).

The point was advanced by counsel for the creditors that an official report of the accident was made by the legal authorities of the jurisdiction in which the accident took place; that report states the name and address of Karen L. Smith as a party to the accident. Clearly, the Debtors are not required to exhaust every possible avenue in order to obtain the names and addresses of all creditors, however, the knowledge of the accident and the availability of the names of the participants to the accident should have prompted the Debtors to inquire further. When a bankruptcy petition is filed, the list of creditors should include all claims whether contingent or not, matured or unmatured, and disputed or undisputed.

The Court believes that the information of the identity and location of the potential creditor, Karen Smith, was readily available to the Debtors had they made a reasonable attempt to discover it. No evidence was presented to the Court by the Debtors showing any such attempt. Therefore, this Court must conclude that the Debtors failed to exercise reasonable diligence as required by law. Had the Debtors exercised such reasonable diligence, the case law shows that Courts may be more liberal and lenient in their approach to this issue. *In re Norris McNeil,* supra; *In the Matter of Robertson,* supra.

This Court further finds that no evidence was submitted sufficient to show the exceptional circumstances needed to allow the amendment. This case was reopened only after the suit was filed; specifically, the amendment was requested more than four months after the civil suit was filed, and eleven months after the Bankruptcy case was closed. This is quite a lengthy amount of time considering the potential liability resulting from the automobile accident. Excusable neglect, as advanced by the Debtors' attorney, in light of the reasons discussed above cannot be accepted.

It is therefore ORDERED that Debtors' Motion to Amend be and it is hereby DENIED.

It is FURTHER ORDERED that service of this Order shall be made by the Deputy Clerk of this Court mailing copies of same to all parties in interest and counsel of record.