**In re Ronald E. BROWN, Debtor.**

**Ronald E. BROWN, Plaintiff,**

**v.**

**GENERAL MOTORS ACCEPTANCE CORPORATION, Defendant.**

**Bankruptcy No. 82–0281.
Related Case: 80–00276.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Dec. 7, 1982.

Paul N. McKinley, Kenton, Ohio, for plaintiff.

Richard J. Welt, Columbus, Ohio, for defendant.

MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before the Court upon Debtor's Complaint to Determine Dischargeability of Debt. The matter was presented to the Court upon a stipulation of facts and the briefs of the parties.

The issue presented for this Court's determination is whether or not the debt owed to General Motors Acceptance Corporation (GMAC) is nondischargeable under Bankruptcy Code Section 523(a)(3). This

particular debt was not scheduled until two (2) years after the Bankruptcy case was filed, and almost a year and one-half (1½) after judgment was granted to GMAC in state court.

## FACTS

The Court finds the following stipulated facts:

1. On February 27, 1980, the Debtor filed a voluntary Chapter 7 Petition in Bankruptcy. At this time, the Debtor was indebted to GMAC in the amount of Two Thousand Six Hundred Ninety-two and 82/100 Dollars ($2,692.82).

2. Through inadvertence or oversight, GMAC was not listed in the Debtor's schedules. However, its relationship to the Debtor was disclosed in paragraph 13 of the Debtor's Statement of Financial Affairs.

3. The Debtor's first meeting of creditors was held on April 4, 1980.

4. The Debtor's discharge was granted in August, 1980.

5. GMAC had no actual knowledge of Debtor's bankruptcy until December 17, 1981.

6. GMAC filed suit on the amount owed by the Debtor on October 3, 1980 in the Franklin County Municipal Court. Judgment was granted to GMAC on November 14, 1980.

7. Debtor's case is still open; no final report has been filed by the Trustee.

8. On or about February 25, 1982, the Debtor filed an amendment to his schedules, including for the first time, the debt of GMAC.

9. The Debtor is currently indebted to GMAC in the amount of Two Thousand Six Hundred Forty-seven and 09/100 Dollars ($2,647.09) plus costs and interest at six percent (6%) per annum from November 27, 1979, pursuant to the state court judgment.

## LAW

Section 523 of the Bankruptcy Code addresses the issue in the following manner:

"*Section 523. Exceptions to discharge.*
(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
...(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and ...."

The plain meaning of this statute stresses that a debtor is not discharged from any unlisted debt. However, there have been cases where Courts have used discretion to allow the discharge of debts that have been scheduled incorrectly. *In the Matter of Robertson,* 13 B.R. 726 (Bkrtcy.E.D.Va.1981); *In re McNeil,* 13 B.R. 743 (Bkrtcy.S.D.N.Y.1981).

The facts of this case are distinguishable from those above. Clearly the debtor was aware of the debt owed and to whom it was owed. This is evidenced by the fact that the debt was disclosed on the Statement of Financial Affairs. This disclosure, however, can not impute knowledge upon the creditor. Notices of a bankruptcy filing are sent to all creditors listed in the schedules—not the Statement of Financial Affairs. As the parties stipulated, GMAC acquired no knowledge of the bankruptcy until December 17, 1981. Case law is clear and consistent: the debtor is held to a standard of using reasonable diligence in listing his creditors. *Matter of Robertson, supra.; In re Lorenzen,* 21 B.R. 129 (Bkrtcy. N.D.Ohio 1982); *Collier on Bankruptcy,* Vol. 3, Section 523.13, at 523–78, 15th Ed. (1981).

 It is only equitable that if a creditor is to be barred from collecting a debt or pursuing a cause of action against a discharged debtor, he must receive notice of the bankruptcy proceeding in time to file a proof of claim and participate in the administration of the estate as well as to share in any dividends from the estate. The fact that the judgment creditor would have received no dividends if he had been able to prove his claim was not a sufficient reason to disregard the mandate of Section 17(a)(3) of the Bankruptcy Act; *Milando v. Perrone,* 157 F.2d 1002, 1004 (2d Cir.1946). The legislative history of the Bankruptcy Code expresses very much the same concern. It further indicates that the current provision, Section 523(a)(3), is derived from Section 17(a)(3) and follows the current law. Therefore, the same rationale should be applied to the cases under the Code. H.Rep. No. 95–595, 95th Cong., 1st Sess. 364 (1977), · U.S.Code Cong. & Admin.News 1978, p. 5787.

 The case law further indicates that after a debtor is discharged, an unscheduled creditor must come forward with proof that it was not duly scheduled. Upon satisfaction of that burden, it is the debtor's burden to show that the creditor had notice or actual knowledge of the bankruptcy. *Hill v. Smith,* 260 U.S. 592, 43 S.Ct. 219, 67 L.Ed. 419 (1923); *Milando,* supra.; *In re McNeil,* supra. The parties stipulated that GMAC did not have knowledge of the prior bankruptcy until December 17, 1981; that knowledge was obtained more than one (1) year after discharge.

 This Court can only conclude that the Debtor failed to use reasonable diligence in scheduling his creditors as required by the rules. He did not attempt to interpose his discharge as a defense in the state court suit following his discharge; nor did he amend his schedules at that time. The Debtor had ample time and opportunity to amend his schedules before he eventually did so. Therefore, in keeping with the mandate set forth in Section 523(a)(3) of the Bankruptcy Code, and the rationale of the case law, it is

ORDERED that the debt owed to GMAC in the amount of Two Thousand Six Hundred Forty-seven and 09/100 Dollars ($2,647.09), plus costs and interest at the rate of six percent (6%) per annum from November 27, 1979, be, and it is hereby, declared nondischargeable.

In so reaching these conclusions, the Court has considered all the evidence presented whether or not referred to specifically in the Opinion above.

It is FURTHER ORDERED that service of this Order shall be made by the Deputy Clerk of this Court mailing copies of same to all parties in interest and counsel of record in the above adversary proceeding.