**In re David SIMS d/b/a Sims Excavating Co., Debtor.**

**HOME INDEMNITY COMPANY, Plaintiff,**

v.

**David SIMS d/b/a Sims Excavating Co., Defendant.**

**Bankruptcy No. 18100075.**
**A.P. No. 1820086.**

United States Bankruptcy Court,
W.D. Kentucky.

July 12, 1983.

David A. Bratt, Lexington, Ky., for plaintiff.

Kelly Thompson, Jr., Bowling Green, Ky., for defendant.

## MEMORANDUM AND ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

As we unravel this dispute, David Sims, two years after his bankruptcy discharge, will painfully learn the need for precision in filling out a bankruptcy petition. Despite the discharge entered in July, 1981, this debtor will remain liable to Home Indemnity Company for unpaid insurance premiums totaling $1,841.29. Our explanation of this holding will be brief, but it does serve to reiterate an elementary principle of bankruptcy law: unscheduled debts are unaffected by a discharge under § 523(a)(3)(A) of the Bankruptcy Code.

There is only one operative fact for us to consider. At no time during the pendency of the bankruptcy proceeding, and not until long after the discharge was granted and the case closed, did the creditor have actual or constructive notice of the bankruptcy.

Plaintiff, Home Indemnity Company, has requested two types of relief. It seeks relief from the § 362 automatic stay so that it

can proceed to collect its claim, and alternatively, asks for a determination that a debt owed by David Sims, d/b/a Sims Excavating Co., is nondischargeable because of lack of notice.

■ We dispose of the first request by noting that § 362 does not apply. The automatic stay imposed by that section continued only until the discharge was granted on July 29, 1981, and it no longer stands as a bar to this creditor's collection effort.

■ Proceeding to the nondischargeability issue, we conclude from a reading of the file that the creditor's § 523(a)(3)(A) argument is well taken. The debtor filed his petition on March 24, 1981, was discharged on July 29, and the case closed on November 27, 1981. Sims failed to list Home Indemnity as a creditor, despite pending litigation in state court regarding past due insurance premiums.[1] According to its complaint, Home Indemnity had no knowledge of the bankruptcy proceedings. The debtor did not file an answer in this adversary proceeding, so the contention stands as admitted.

Six months later, in May, 1982, Sims moved to amend his schedule of creditors. The notice of amendment and deadline for filing objections was not sent to Home Indemnity, but to Blake, Hart, Taylor, and Wiseman Insurance Agency, as per the debtor's instructions to this Court. Again, we have an uncontroverted affidavit from the collection analyst for Home Indemnity that the Blake Agency is not agent for *any* account, and that the principal did not receive notice of the initial petition or the motion to amend.[2]

Section 523(a)(3) specifically excepts from discharge any debt "neither listed nor scheduled", with the proviso that the creditor did not otherwise have notice or actual knowledge of the proceeding. Home Indemnity's debt is within the terms of § 523(a)(3)(A) because it was neither listed nor scheduled. As such, it is excepted from the discharge previously granted to Sims. IT IS SO ORDERED.

---

1. Proceeding in ignorance of the pending bankruptcy, Home Indemnity obtained a judgment against Sims in state court on May 11, 1981. Actually, this litigation was subject to the stay of the bankruptcy proceedings. Technically, therefore, Home Indemnity proceeded in violation of the stay, and the resultant judgment is void regardless of knowledge, or the lack thereof. Because the violation was inadvertent a contempt citation is inappropriate. See *Matter of Carter*, 16 B.R. 481 (W.D.Mo.1981); *In re Smith Corset Shops, Inc.*, 696 F.2d 971 (1st Cir.1982); *Kalb v. Feuerstein*, [308 U.S. 433] 60

S.Ct. 343 [84 L.Ed. 370] (1940). Our determination of nondischargeability settles the question, in any event, regardless of the validity of the state court judgment.

2. Even if the Blake agency were an integral part of the Home Indemnity network the notice to it would have been insufficient to bind the principal, unless Blake had apparent authority to receive legal notice on behalf of the principal. See *Ford Motor Credit Co. v. Weaver*, 680 F.2d 451 (6th Cir.1982).