In re Stephen Paul GILBERT, Debtor.

OLON ANDREWS, INC., Plaintiff,

v.

Stephen Paul GILBERT, Defendant.

Bankruptcy No. 83–0767.
Related Case 80–00806.

United States Bankruptcy Court,
N.D. Ohio W.D.

April 18, 1984.
On Motion to Amend May 3, 1984.

Michael N. Vaporis, Toledo, Ohio, for plaintiff.

Chester H. Marcin, Bowling Green, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before this Court upon the Motion for Summary Judgment filed by the Plaintiff in this adversary proceeding. This adversary case, which seeks a determination of dischargeability, was filed pursuant to an Order of this Court in the related bankruptcy case. That Order required the Plaintiff to withdraw his Objection to the Debtor's Application to Amend the schedule of debts. The Defendant-Debtor had sought to discharge the debt owed to the Plaintiff by amending the Debtor's schedules so as to include the Plaintiff on this Petition. In lieu of an Objection, the Plaintiff was to pursue a determination of dischargeability through the filing of this adversary Complaint. In response to the Motion for Summary Judgment, each of the parties have submitted their written arguments and the evidence they wish the Court to consider. The Court has reviewed the record and for the following reasons finds that the Motion for Summary Judgment should be GRANTED.

## FACTS

The facts in this case do not appear to be in dispute. On or about September 1, 1974, the Defendant-Debtor executed a cognovit note in the amount of approximately Twenty-four Thousand Seven Hundred and no/100 Dollars ($24,700.00) in favor of the Plaintiff. The note was given as consideration for services performed by the Plaintiff on a construction project undertaken by the Apollo Building & Development Company, Inc. The Debtor was the sole owner and stockholder of Apollo Building & Development and several of its related affiliates. The note was signed: "Apollo Homes by S.P. Gilbert", by the Debtor.

On May 21, 1980, the Debtor filed, in his individual capacity, his voluntary Chapter 7 Petition. The Order establishing the date for the first meeting of creditors indicated that it appeared as though there would be no assets available for any creditors. Accordingly, no claims were filed. The schedules filed by the Debtor did not reflect the Plaintiff as a creditor. On October 6, 1980, the Debtor was granted a discharge.

On January 20, 1983, the Plaintiff filed a Complaint in the Lucas County Court of Common Pleas, wherein a recovery on the promissory note is sought. On May 24, 1983, the Debtor motioned this Court for leave to amend the schedules in order to include the Plaintiff as a creditor thereon. The Plaintiff Objected to that Motion. A Trial was held on the Complaint in Common Pleas Court, and on June 21, 1983, the Court found in favor of the Plaintiff. In its Opinion the Court held that the signature on the note was sufficiently ambiguous as to the intended payor so as to render the Debtor personally liable on the note. This decision was Appealed, however, the Appeal has subsequently been dismissed.

A Hearing was held in this Court on September 9, 1983, at which the Court Ordered that the schedules were to be amended and that the Plaintiff be given leave to file an adversary complaint regarding the dischargeability of the debt. The Motion presently before the Court in that adversary proceeding seeks a summary determination as to whether or not the debt in question should be held.

## LAW

Contrary to the argument of the Plaintiff that this case is governed by the Bankruptcy Act of 1898, *see,* 11 U.S.C. § 401, *et seq.,* the dischargeability of the debt in question

is addressed by the Bankruptcy Code at 11 U.S.C. § 523(a) which states in pertinent part:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt— (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit ... timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing ..."

█ It is well established that in order to receive the discharge of his obligations a debtor must list all creditors against whom the discharge is to be effective. This listing of creditors on the schedules allows them to be notified of the bankruptcy proceedings, exercise their rights under the Bankruptcy Code to protect their interests, and participate in any distribution from the estate. *Ford Motor Credit Co. v. Weaver*, 680 F.2d 451 (6th Cir.1982), *Brown v. General Motors Acceptance Corp. (In re Brown)*, 27 B.R. 151 (Bkrtcy.N.D.Ohio 1982). It is also well established that a debtor must exercise great care when completing their schedules so as to include any creditor that has any arguable grounds for asserting a claim against him. *Brown v. General Motors Acceptance Corp.*, supra, *In re Lorenzen*, 21 B.R. 129 (Bkrtcy.N.D. Ohio 1982), *Home Indemnity Co. v. Sims (In re Sims)*, 31 B.R. 473 (Bkrtcy.W.D.Ky. 1983). If a debt is not listed and the creditor did not have knowledge or notice of the bankruptcy case, the obligation owed to that creditor will not be discharged. *In re Iannacone*, 21 B.R. 153 (Bkrtcy.D.Mass. 1982).

A determination of dischargeability under Section 523(a)(3) would appear to require only a summary review of the record when the issue of knowledge is not in question. However, the Debtor has argued that he did not believe, at the time his Petition was filed, that he was personally liable on the note. He contends that he believed the obligation was one which belonged to the corporation and was not a debt that should be included on his personal Petition.

The parties have devoted a considerable portion of their argument to the issue of whether or not the Debtor should reasonably have believed that the promissory note was a corporate debt. While this dispute is of tangential importance, it is not the controlling factor in the determination of dischargeability. Moreover, the issue of personal or corporate liability has already been litigated in state Court. Although this Court is not necessarily bound by that decision, it would serve little purpose to relitigate the issue in light of the statutes which controlled the outcome of that case. In the case presently before this Court, the issues are whether or not the Plaintiff received sufficient notice so as to allow him to participate in the estate, and whether or not the Debtor should be excused for not having included the Plaintiff as a creditor in his personal Petition.

█ A review of the record reveals that the Plaintiff was not listed as a creditor on the Debtor's original Petition. This omission results in the satisfaction of the first element of nondischargeability under 11 U.S.C. § 523(a)(3). The succeeding question is whether or not the Plaintiff had notice or knowledge of the Debtor's Petition in time to file a claim against the estate. A review of the transcript of the Trial in the Court of Common Pleas finds that the Plaintiff was unaware of the Debtor's personal Petition. *See,* Transcript page 42. While this Court has given due consideration to the intent of the Plaintiff with regard to the identity of the maker of the note, the absence of knowledge of the Debtor's Petition negates the possibility that the Plaintiff could fraudulently represent its intent. Therefore, it must be concluded that all the elements of 11 U.S.C. § 523(a)(3) have been fulfilled.

█ It should also be pointed out that by not listing the debt in question, the Debtor has breached his duty to exercise due care in completing the schedule of debts. In contrast to the situation in *Stark v. St. Mary's Hospital*, 717 F.2d 322 (7th Cir. 1983), where the Court allowed the debtor to amend their schedules so as to include a

debt to the hospital which the Debtors believed would be paid by their medical insurance, the Debtor ,was a sophisticated business man who was the sole owner or shareholder of several business operations. He was or should have been aware of the responsibilities and consequences attendant to the execution of a note on behalf of a corporation. Although the Debtor may have believed, in good faith, that the note was a corporate obligation, the Plaintiff should not suffer a loss as a result of that mistaken belief. If there could have been any doubt raised as to the liability on the note, the Debtor was under a duty to list the note and litigate the issue of liability at a later time. By not listing the note, the Debtor ran the risk that he could subsequently be held personally liable thereon. Despite the absence of any apparent fraud or intentional design, the Debtor's mistaken belief does not mitigate against the breach of the duty to list all creditors.

Although it has been argued that the failure to list a creditor in a no-asset case does not prejudicially effect the rights of the omitted creditor, this is not necessarily true. In this case the Plaintiff has incurred expenses in pursuing this debt through the Court of Common Pleas. If the Court were to allow the debt to be discharged at this time, the creditor would then have to bear the loss of both the underlying debt and the expenses of his state Court action. If the debt has been scheduled in the initial petition that action could not have been filed, thereby precluding the possibility that the Plaintiff would needlessly incur additional litigation expenses. In this case a loss of both the debt and the state court expenses is not within the contemplation of the dischargeability provision nor the equitable nature of the Bankruptcy Code. *See, In re Roberts,* 20 B.R. 86 (Bkrtcy.S.D.Ala.1982).

It appearing that there are no genuine issues as to any material facts which require this Court's further consideration, it must be concluded that on the basis of the foregoing discussion, the Plaintiff is entitled to judgment as a matter of law. It must also be concluded that the debt in question is not dischargeable.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they were specifically referred to in this Opinion.

It is ORDERED that the Motion for Summary Judgment be, and is hereby, GRANTED.

It is FURTHER ORDERED that the debt be, and it is hereby, held NONDISCHARGEABLE.

## ON MOTION TO AMEND

This cause comes before this Court upon the Motion to Amend the Bankruptcy Court's Findings of Fact filed by the Defendant-Debtor.

On April 18, 1984, this Court rendered a Memorandum Opinion and Order in this adversary case, wherein the Debtor's debt to the Plaintiff was found to be nondischargeable. However, the Defendant has brought to the Court's attention the fact that some of the facts recited in that Opinion are incorrect.

Specifically, the Debtor has first pointed out that the note executed by the Debtor which created the debt was originally in the amount of Nine Thousand One Hundred Sixty-six and 14/100 Dollars ($9,166.14) plus interest, rather than Twenty-four Thousand Seven Hundred Thirty-seven and 58/100 Dollars ($24,737.58) as was set forth in the Opinion. The figure of Twenty-four Thousand Seven Hundred Thirty-seven and 58/100 Dollars ($24,737.58) was the amount awarded in a suit brought by the Plaintiff in state Court on the note, and was the amount claimed in the Complaint to be nondischargeable. This figure also represents the claim the Debtor seeks to have discharged. The amount of the note, as originally executed, is not readily ascertainable from the pleadings.

Secondly, the Opinion recites the fact that an Appeal was taken from the State Court judgment and that the Appeal was dismissed. It appears, however, that although the appeal was dismissed by the appellate Court for default of filing assign-

ments of error and briefs, it was later reinstated upon a Motion for Reconsideration. After a Hearing on the merits of the case, the Appellate Court affirmed the decision of the Court of Common Pleas. This procedural history in the Appellate Court is also not readily apparent from the pleadings.

Finally, the Opinion indicated that the Plaintiff's State Court judgment was rendered by the Lucas County Court of Common Pleas. However, it was actually rendered by the Fulton County Court of Common Pleas.

Although the Plaintiff's review of the record is correct, it does not, however, affect the outcome of the case. The discrepancies cited by the Debtor do not modify the grounds upon which the ultimate decision was reached. Similarly, these facts were not relevant in determining the legal principles that were applicable in this case. Accordingly, it is

ORDERED *nunc pro tunc* that the findings of fact in the Memorandum Opinion and Order of this Court dated April 18, 1984, be, and are hereby, AMENDED to read as follows:

### FACTS

The facts in this case do not appear to be in dispute. On or about September 1, 1974, the Defendant-Debtor executed a cognovit note in the amount of approximately Nine Thousand One Hundred Sixty-six and 14/100 Dollars ($9,166.14), plus interest, in favor of the Plaintiff. The note was given as consideration for services performed by the Plaintiff on a construction project undertaken by the Apollo Building & Development Company, Inc. The Debtor was the sole owner and stockholder of Apollo Building & Development and several of its related affiliates. The note was signed: "Apollo Homes by S.P. Gilbert", by the Debtor.

On May 21, 1980, the Debtor filed, in his individual capacity, his voluntary Chapter 7 Petition. The Order establishing the date for the first meeting of creditors indicated that it appeared as though there would be no assets available for any creditors. Accordingly, no claims were filed. The schedules filed by the Debtor did not reflect the Plaintiff as a creditor. On October 6, 1980, the Debtor was granted a discharge.

On January 20, 1983, the Plaintiff filed a Complaint in the Fulton County Court of Common Pleas, wherein a recovery on the promissory note was sought. On May 24, 1983, the Debtor motioned this Court for leave to amend the schedules in order to include the Plaintiff as a creditor thereon. The Plaintiff Objected to that Motion. A Trial was held on the Complaint in Common Pleas Court, and on June 21, 1983, the Court found in favor of the Plaintiff. The judgment was in the amount of Twenty-four Thousand Seven Hundred Thirty-seven and 58/100 Dollars ($24,737.58), which included the amount of the original note plus accrued interest. In its Opinion the Court held that the signature on the note was sufficiently ambiguous as to the intended payor so as to render the Debtor personally liable on the note. Although the original Appeal of the judgment was dismissed, the reinstated Appeal resulted in the Affirmation of the lower Court's judgment.

A Hearing was held in this Court on September 9, 1983, at which the Court Ordered that the schedules were to be amended and that the Plaintiff be given leave to file an adversary complaint regarding the dischargeability of the debt. The Motion presently before the Court in that adversary proceeding seeks a summary determination as to whether or not the debt in question should be held non-dischargeable.