**In re John R. BLOSSOM, D.C. fka John C. Blossom, D.C., Blossom Chiropractic Clinic, Debtor.**

**Bankruptcy No. 80–01144.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Jan. 28, 1986.

Howard B. Hershman, Toledo, Ohio, for debtor.

Karl H. Weaner, Defiance, Ohio, for Maria Schlegel.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Debtor's Motion To Reopen Proceeding and the Opposition to that Motion filed by Maria Schlegel. The Court conducted a Hearing on this Motion, at which the parties offered both evidence and argument. The Court has reviewed the evidence, arguments, and the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion to Reopen Proceeding should be DENIED.

### FACTS

Although the parties appear to dispute many of the facts surrounding this Motion, the testimony reflects that the facts upon which this decision is based are not contested. At some time prior to the filing of the Debtor's Petition, Maria Schlegel loaned to the Debtor approximately Thirty-five Thousand and no/100 Dollars ($35,000.00). This sum was made in two separate transactions, one for Five Thousand and no/100 Dollars ($5,000.00) and one for Thirty Thousand and no/100 Dollars ($30,000.00). It appears that the Debtor made some payments on the former obligation, but did not make any repayment on the second. The first loan was represented by a promissory note dated April 28, 1973. The second loan

was documented by the Debtor's handwritten memorandum dated April 22, 1975. This memorandum appears to be in the nature of a receipt for the borrowed funds.

On July 18, 1980, the Debtor filed his voluntary Chapter 7 Petition with this Court. In the schedules which were originally filed in conjunction with that Petition, Maria Schlegel is not listed as a creditor. The notice which was sent to all creditors listed in the schedules established November 24, 1980 as the last day for filing Objections to Discharge and Complaints to Determine Dischargeability. The last date for the filing of claims was set as February 25, 1981. It does not appear that Maria Schlegel received any knowledge of the filing between the time the case was filed and the expiration of the period in which to file complaints against the Debtor. While it does appear that Schlegel was eventually told that the Debtor had filed a bankruptcy petition, the evidence clearly reflects that this did not occur until sometime after November 24, 1980.

The evidence also reflects that on or about December 22, 1980, the Debtor signed a cognovit note to Maria Schlegel in the amount of Thirty Thousand and no/100 Dollars ($30,000.00). It appears that this note was given in conjunction with the Debtor's explanation that the "bankruptcy was not going to apply to her" (Schlegel). On February 8, 1981, the Debtor received his discharge. He also filed an amendment to his schedule of creditors. Although Maria Schlegel does not appear on this amendment, she does appear on the amended matrix which was filed with the amended schedule. Subsequent to the filing of the amendments, Schlegel received all notices which were sent in the case. The case was administered as a no asset case and was closed on November 30, 1983.

Although it appears that the Debtor made some payments to Schlegel after the discharge had been granted, these payments eventually ceased. As a result, Schlegel took judgment on the cognovit note and has attempted to collect on the

judgment. In an effort to avoid her collection efforts, the Debtor has sought to reopen his case for the purpose of listing the debt to Schlegel. The retroactive effect that the Debtor hopes to achieve is that the debt will be discharged as though it had been listed on the original Petition. Schlegel opposes the reopening of the case, arguing that because of the time and efforts which have occurred since the closing of the case the Debtor should not be permitted to rectify his earlier omission.

### LAW

■ The provisions of 11 U.S.C. Section 350(b) state:

(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

Under this section the Court may open a case to afford the debtor further relief as equity requires. However, the decision to reopen a case is within the discretion of the Court. *In re Jones*, 490 F.2d 452 (5th Cir.1974).

■ It is well established that a case can be reopened so as to allow the debtor to list additional creditors if there was no fraud by the debtor in not listing the debt, and if the creditor will not be irreparably harmed by the retroactive listing. *Rosinski v. Boyd (In re Rosinski)*, 759 F.2d 539 (6th Cir.1985). However, as a matter of equity, irreparable harm is not necessarily limited to a consideration of whether or not a creditor would have received any distribution in a case. The fact that a creditor is to be prevented from collecting a debt is sufficient reason that notice to all creditors is required prior to allowing a debtor's obligations to be discharged. *Milando v. Perrone*, 157 F.2d 1002 (2nd Cir.1946). Where a creditor has expended time and effort in attempting to collect a debt which has been omitted from a petition, the expenditure of that time and effort is sufficient harm to the creditor so as not to warrant a reopening of the case. *In re Lorenzen*, 21 B.R. 129 (Bkcy.N.D.Ohio 1982). Debtors are required to exercise great care in completing

their schedules, and must use reasonable diligence in ascertaining the names of all their creditors. The failure to do so results in the continuing validity of the debt. *In re Lorenzen*, supra.

■ When determining whether or not to reopen a case to list an omitted creditor, the standards stated above have been used in conjunction with the standards which determine whether or not an unlisted debt has been discharged. *See, In re Lorenzen*, supra. The dischargeability of an unlisted debt is set forth in 11 U.S.C. Section 523(a)(3), the provisions of which state in pertinent part:

(a) A discharge under section 727, 1141, or 1328(b) of this title ... 1141, or 1328(b) does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title ... with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit ... timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing...

Under this section, any creditor that does not receive notice of the filing of a debtor's petition within sufficient time to file a claim is not subject to the debtor's discharge, provided actual knowledge of the filing wasn't obtained in time to file a claim. *Olon Andrews, Inc. v. Gilbert (In re Gilbert)*, 38 B.R. 948 (Bkcy.N.D.Ohio 1984). Since the provisions of Section 523(a)(3) establish the time limitations for determining whether or not an unlisted debt has been discharged, it is reasonable to apply the same limitations for purposes of determining, in the absence of equitable considerations, whether a debtor may reopen a case to list an omitted creditor.

In the present case, it appears that there is some dispute as to when Schlegel learned of the filing of the Debtor's Petition. The Debtor contends that he told Schlegel shortly after the expiration of the period for filing objections to discharge. Schlegel asserts that she was never told of the filing, and that her first knowledge of

288

the Petition came when she received her first notice. This first notice would have been received subsequent to the granting of the Debtor's discharge. The record is unclear whether Schlegel received her first notice of the Petition during the one month period which existed between the filing of the amended schedule and the expiration of the period to file claims. It initially appears as though the determination as to when notice was received would be dispositive of the case. Had Schlegel received notice in sufficient time to file a claim, her claim would have been discharged pursuant to the application of the standard set forth in Section 523(a)(3).

 However, it must be remembered that the Debtor executed a cognovit note in favor of Schlegel shortly after the period for filing objections to discharge expired. This note was made with the intention that it serve as documentation of the obligation which was incurred by the Debtor in 1975. While the Debtor may have intended that this note to serve as a reaffirmation of a debt which existed prior to his Petition, an effect it could not have absent Court approval, it had the effect of causing Schlegel to believe that he intended to repay the debt. Thus, even if Schlegel had learned of the Petition subsequent to the execution of the note she would have had no motivation to file a claim, inasmuch as she relied on the Debtor's representations that she would be paid. Since the Debtor was responsible for creating that belief, it is reasonable to hold that the time which passed between the discharge and the expiration of the claims period was inadequate to allow her to file a claim. This is made especially true in light of the fact that any notices which would have been received by Schlegel would not have stated any procedure or requirement for the filing of claims. Furthermore, if Schlegel was told of the filing prior to the discharge, then the execution of the note, the Debtor's post-discharge behavior towards the note, the failure of the Debtor to accurately complete his schedules, and the passage of time collectively form sufficient cause to hold that the debt would not be discharged. Therefore, it must be concluded that if this issue

had arisen as a determination of dischargeability, the debt to Schlegel could be held to be nondischargeable. It must also be concluded that under the application of the provisions of U.S.C. Section 523(a)(3) to the present Motion, the Debtor is not entitled to have the case reopened for purposes of listing Schlegel as a creditor.

The Court is mindful of the fact that Schlegel would not have received any dividend from the estate, inasmuch as this was administered as a no-asset case. However, the Court is also mindful of the efforts expended by Schlegel in pursuit of a note which she believed to be valid, a belief which was fostered by the Debtor's action both prior and subsequent to the granting of his discharge. In that regard, it appears as though the Debtor was, in fact, willing to satisfy the obligation as long as it was on his own initiative. It also appears from the evidence that he only began to assert his discharge as a defense when Schlegel began to pursue him on the note. In view of these considerations, and for the reasons previously set forth, this Court cannot justify a reopening of the case.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion to Reopen Proceeding be, and is hereby, DENIED.