In re Ulysses **ROBINSON**, SSN: 259–76–2002, Debtor.

Ulysses **ROBINSON**, Movant,

v.

**BENNETT SUPPLY COMPANY, INC.,** Respondent.

Bankruptcy No. 89–10304–ALB.

United States Bankruptcy Court, M.D. Georgia, Albany Division.

June 18, 1990.

Harry L. Wingate, Jr., Albany, Ga., for debtor.

H. Wallace McDonald, Albany, Ga., for Bennett Supply Co., Inc.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

Before the court is a Motion to Reconsider the court's order of February 13, 1990, granting a lien avoidance motion filed by the Debtor pursuant to § 522(f) of the Bankruptcy Code.

Bennett Supply Company, Inc. (hereinafter "Creditor") obtained a judgment against Ulysses Robinson in the Superior Court of Lee County, Georgia, on August 29, 1988. On May 10, 1989, Mr. Robinson filed a Chapter 7 bankruptcy. His schedules listed the Creditor as unsecured. The case was closed on September 28, 1989 after a discharge was entered on the same date. The holder of a first mortgage on real estate owned by the Debtor thereafter began a foreclosure proceeding. The Creditor herein purchased the promissory note and security deed of the mortgage holder and the Debtor paid off that obligation to the Creditor. The judgment lien remains unpaid.

In his brief, the Debtor's attorney stated that he first learned of the judgment lien of the Creditor herein and also judgment liens of other creditors when the foreclosure proceeding was instituted. Thereafter he filed a motion to reopen the case in order to add omitted creditors. He gave no notice to the Creditor and made no mention of an intent to file a lien avoidance motion as to this Creditor. No opposition having been made to the Debtor's motion to reopen his case, the court entered an order allowing the reopening on January 8, 1990. On January 23, 1990, the Debtor filed a motion to avoid the Creditor's judicial lien and served with it a notice requiring that any answer be served on or before February 8, 1990, and be filed with the Clerk's Office within three days after service. The Creditor's response was served on February 8, 1990, and was mailed to the Clerk's Office on that date, but was not received and filed in the Clerk's Office until February 13, 1990. February 11, 1990, was a Sunday and therefore the answer could have been filed on February 12, 1990, and been timely filed. Creditor's attorney directed that his secretary called the Clerk's Office on February 12, 1990 to confirm that the answer had been received and filed. She made the call to the Clerk's Office, but the Clerk's Office advised her that they would have to check the file and call her back and they did not do so until the next day.

The court entered an order granting Debtor's motion on February 13, 1990, prior to receipt of the answer of the Creditor. That order stated that the "fixing of the judicial lien in favor of the Creditor be, and the same is hereby, cancelled."

On February 16, 1990, the Creditor served a motion to set aside default judgment pursuant to Bankruptcy Rule 9024. The court held a hearing and received evidence on May 1, 1990. Movant and Respondent have subsequently filed briefs. After consideration of the evidence, oral argument, and briefs, the court issues this *Memorandum Opinion*.

■ The court in *Turner Broadcasting System, Inc. v. Sanyo Elec., Inc.*, 33 B.R. 996, 1001 (N.D.Ga.) *aff'd*, 742 F.2d 1465 (11th Cir.1983) listed four factors which should be considered in determining whether a default should be set aside pursuant to Rule 60(b) of the Federal Rules of Civil Procedure:

(1) Whether the defaulting party has presented a plausible excuse explaining the reasons for the default.

(2) Whether the defaulting party acted promptly to vacate the default.

(3) Whether the defaulting party asserts a meritorious defense.

(4) Whether the nondefaulting party will be prejudiced by setting aside the default.

In examining the first factor of the *Turner* court, this court determines that the Creditor has presented a plausible excuse for the default. Creditor's objection was served on the Debtor on February 8, 1990, and mailed to the bankruptcy court from Albany on the same date. Creditor's attorney's secretary did attempt to verify that its objection had been filed by telephoning the Clerk's Office on February 12, 1990 (the last day for timely filing of an

objection). Creditor's attorney did not learn that its objection was not filed until February 13, 1990.

In considering the next factor as to whether the defaulting party acted promptly to vacate the default, the Creditor's attorney prepared and served its motion to set aside default judgment on February 16, 1990. This court believes the Creditor has satisfied the second factor of the *Turner* court.

As to the consideration of the next factor of whether the defaulting party asserts a meritorious defense, this court is persuaded by the Creditor's argument. The Creditor cites § 522(f)(1) of the Bankruptcy Code as the appropriate code section for avoidance of judicial liens. Section 522(f)(1) provides:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (1) a judicial lien; or....

11 U.S.C.A. § 522(f)(1) (West 1979).

At the hearing on May 1, 1990, the Creditor's witness H.D. Evert testified that the Debtor's home, land, septic tank and well would have a fair market value of $65,428.56 as of the date of the Debtor's filing of his bankruptcy petition. The Debtor testified that the first mortgage was $32,000 and there were no other mortgages on the property. This would leave the Debtor with $33,428.56 in equity. This equity would exceed the Debtor's claim of exemption of $3,000 as shown on his bankruptcy petition.

The last factor of the *Turner* court to be considered is whether the nondefaulting party would be prejudiced by setting aside the default. The court notes that in the instant case the Debtor's attorney acknowledged receipt of the Creditor's objection on February 9, 1990, prior to the entry of the default judgment. In addition, the Debtor was served with the motion to set aside the default judgment on February 16, 1990, three days after the entry of default. This court is satisfied that under the facts of the instant case, the Debtor will not be prejudiced by allowing the court to consider the merits of the instant case.

The Ninth Circuit in *Falk v. Allen*, 739 F.2d 461 (1984) noted that "Rule 60(b) is meant to be remedial in nature and must be liberally applied ... [and] ... judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* at 463 (citing *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (9th Cir. 1974)). This court is persuaded by the Ninth Circuit's reasoning in *Falk, supra* and believes the instant case is one where Rule 60(b) should be applied.

The Creditor cites to the court the case of *Hawkins v. Landmark Finance Co., (In re Hawkins)* 727 F.2d 324 (4th Cir.1984)[1] for the proposition that where a creditor has expended time, money, and has incurred legal expenses in reliance on its judicial lien, the bankruptcy court did not abuse its discretion in refusing to grant the Debtor's motion to reopen in order to file a lien avoidance action. Creditor suggests to this court that the facts of the instant case fall within the ambit of the *Hawkins* decision since Creditor expended $37,137.18 on November 8, 1989 to purchase the Debtor's property, and in addition incurred attorney fees of $2,711.00 in regards to enforcing its judicial lien.

Although the court is in agreement with the Fourth Circuit in *Hawkins*, the only motion before this court is Creditor's motion to set aside default judgment. Accordingly, this court grants the Creditor's motion to set aside default judgment entered by this court on February 13, 1990.

---

1. See also *In re Smart*, 97 B.R. 380, 381 (Bankr. S.D.Ohio 1989); *In re Blossom*, 57 B.R. 285

(Bankr.N.D.Ohio 1986).