### In re ACME MOTORS, INC., Debtor.

### William GABRILOWITZ and Irving Gabrilowitz, Plaintiffs,

### v.

### Thomas RICCI, Edward Marandola and Ocean State Nissan, Inc., Defendants.

### Bankruptcy No. 86–0090.
### Adv. No. 88–1062.

United States Bankruptcy Court,
D. Rhode Island.

March 29, 1991.

Sheldon R. Scoliard, Providence, R.I., for debtor.

William F. Hague, Jr., Dick & Hague, Ltd., Providence, R.I., for plaintiffs.

Leonard Accardo, Jr., Providence, R.I., for defendants.

### DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard on the Motion of Thomas Ricci, Edward Marandola, and Ocean State Nissan, Inc. (Defendants) to Vacate our November 27, 1990 Order granting William and Irving Gabrilowitz's Motion for Summary Judgment. Summary judgment was granted as a result of the Defendants' failure to file an objection. *See* Local Bankruptcy Rule 10. Ricci now represents that he had prepared a Request to Extend Time For Filing an Objection, but that through

---

inadvertence the request fell through the cracks, and was not mailed. At hearing on the Defendants' Motion to Vacate, we requested additional memoranda and affidavits before rendering a decision.

## I. *THE RULE*

FED.R.CIV.P. 60(b) which governs here, provides in relevant part: [1]

Rule 60. Relief from Judgment or Order.

. . . . .

**(b) Mistakes; Inadvertence; Excusable Neglect;** ... On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

We have previously adopted the standard four factors usually considered in determining whether an order should be set aside under Rule 60(b) of the Federal Rules of Civil Procedure. *In re Carr*, 66 B.R. 429 (Bankr.D.R.I.1986); *In re Spillane*, 75 B.R. 266 (Bankr.D.R.I.1986).

1) Whether the defaulting party has presented a plausible excuse explaining the reasons for the default;

2) Whether the defaulting party acted promptly to vacate the order;

3) Whether the defaulting party asserts a meritorious defense; and

4) Whether the non-defaulting party will be prejudiced by setting aside the order.

In order to satisfy the first factor, the excuse offered by the movants must be more than a mere assertion that the Request for Extension of Time was "inadvertently not mailed." "[E]xcusable neglect, as defined in Fed.R.Civ.P. 60, is not the equivalent of negligence or carelessness

... and courts have been unyielding in requiring that a party show good reason for ... failure to take appropriate action sooner." *In re Carr*, 66 B.R. at 434 (citation omitted). Rule 60(b) relief is extraordinary and the Defendants must show exceptional circumstances before we will vacate a prior order. *United States v. Proceeds of Sale*, 857 F.2d 46, 48 (1st Cir.1988); *Di Vito v. Fidelity and Deposit Company*, 361 F.2d 936, 938 (7th Cir.1966).

Further, Defendants maintain that they were seeking an extension of time because of the "technical nature" of the dispute. After reviewing the pleadings and the documents submitted by the parties, however, we find the dispute to be straightforward and uncomplicated. The conditions of the sale.are plainly set forth in the Offer to Purchase form, and the auction transcript. The Defendants state that "the crux of this dispute ... is whether several items received were in fact new." Summary of Defendants' Proposed Defenses to Plaintiff's Complaint, Dec. 28, 1990, at 3. As to this issue, the Offer to Purchase form and the auction transcript clearly establish that the parties intended to be, and were in fact bound by the determination of Precision Inventory Company. *See* Offer to Purchase at 3 (Feb. 28, 1986); Auction of Assets of ACME Motors at 9 (Feb. 28, 1986). Precision's final report and the transcript of Precision President, Richard M. Randall's deposition establish which of the parts purchased by the Defendants were new.

Additionally, Defendants allege that a scheduled deposition, cancelled because of the proposed deponent's illness, was to offer testimony relative to the issues set forth in Gabrilowitz's summary judgment motion. The documents attached to the Defendants' Summary of Proposed Defenses to Plaintiffs' Complaint filed on December 28, 1990, however, do not include any material which was not available to them prior to our granting Gabrilowitz's Motion for Summary Judgment.

---

**1.** Bankruptcy Rule 9024 states that "Rule 60 F.R.CIV.P. applies in cases under the Code."

After reviewing the pleadings, the oral arguments at the December 20, 1990 hearing, and all the documents submitted by the parties, we conclude that the Defendants have failed to allege a meritorious defense to Gabrilowitz's Motion for Summary Judgment.[2]

Accordingly, the Defendants' Motion to Vacate is DENIED.

Enter Judgment consistent with this opinion.

---

**2.** We make this ruling in full recognition of the principle that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir.1984); *In re Robinson,* 116 B.R. 317, 319 (Bankr.M.D.Ga.1990).