Alan L. BORROR and Richard B. Greenwald, Appellants,

v.

Arthur H. HERZ and Daniel S. Daniel, Appellees.

Richard B. GREENWALD, Appellant,

v.

Arthur H. HERZ and Daniel S. Daniel, Appellees.

Appeal Nos. 81–532, 81–533.

United States Court of Customs and Patent Appeals.

Dec. 10, 1981.

Stanley H. Lieberstein, Marvin C. Soffen, New York City, and Stanley H. Mervis, Cambridge, Mass., of counsel, attorneys for appellants.

J. Jeffrey Hawley, Arthur H. Rosenstein and Ogden H. Webster, Rochester, N. Y., attorneys for appellees.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER, and NIES, Judges.

NIES, Judge.

These appeals are from the decisions of the Patent and Trademark Office Board of Patent Interferences (board) awarding priority of invention in both interferences to

Herz et al. (Herz), the senior party.[1] The board held that where no justification was given for the absence of the inventor's testimony, the party's case for priority, based on actual reduction to practice, could not be established. We reverse.

### Background

The counts in both interferences are directed to the use of novel silver halide complexing agents or solvents in photographic processing compositions or processes. The particular type of photographic process involved is a diffusion transfer system in which the silver halide solvent is used to complex and transfer the unexposed silver halide from the photoexposed layer to the image-receiving layer where the complexed silver is precipitated to form an image.

Senior party Herz took no testimony and relied on their filing date of September 6, 1974. Junior party, Borror and Greenwald in '656, and Greenwald in '657 (referred to jointly by the board and herein as "Polaroid"), introduced the testimony of three witnesses and various exhibits as proof of actual reduction to practice of the various counts no later than the period of May to July 1973. Polaroid did not depose the inventor Greenwald in either case or offer any explanation for failure to do so. Polaroid's witnesses were Dr. Borror, who was Greenwald's supervisor and is the coinventor in one case; David Evans, a chemist, who was Greenwald's laboratory assistant and actually prepared the novel solvents and transmitted them to the testing laboratory; and Edward Johnson, the supervisor in the testing laboratory where tests of the solvents were performed for the purpose of evaluating their usefulness.

Herz's principal attack on the sufficiency of Polaroid's evidence of priority was directed to the failure of inventor Greenwald to testify. The board agreed that "serious implications" must be drawn from this omission, stating that they knew "of no authority which allows for the unexplained absence of the inventor's testimony where the issue is the inventor's claim to prior invention pursuant to 35 U.S.C. § 102(g), without some unfavorable inference being drawn." Finding a need for an inventor's testimony to lay the "background or framework" for the "corroborating" testimony by other witnesses, and that "in the absence of the inventor's testimony there is nothing to corroborate," the board reasoned:

The unexcused failure to produce the inventor deprives an opponent of his inviolable right of cross-examination .... The inventor's contemporaneous state of mind regarding the invention is an important consideration in reaching a decision regarding reduction to practice, as, for example, with regard to his conviction of success.

On this basis the board held:

Here we find no satisfactory explanation for the failure of Dr. Greenwald to testify and, indeed, Polaroid does not purport to have offered one. Though, at the time the testimony was taken, Dr. Greenwald was no longer employed by Polaroid, this is not offered as an excuse; nor, in the absence of a bona fide attempt to take his testimony, could it suffice. Insofar as the record is concerned, no attempt was made to depose him. Under the circumstances, we rule that this failure to present evidence creates a negative inference: "that the ... witness, if brought,

---

1. Interference No. 99,656 ('656) involves:
   (A) Application serial No. 503,889, filed 9/6/74, for "Silver Halide Complexing Agents of Sulfones, Nitriles, and Onium Salts" by A. Herz and D. Daniel. The real party in interest is Eastman Kodak Company; and
   (B) Application serial No. 737,077, filed 11/1/76, for "Sulfonyl-Cyano Alkane Silver Halide Solvents" by A. Borror and R. Greenwald. Benefit was accorded of S.N.

575,585, filed 5/8/75. The real party in interest is Polaroid Corporation.
Interference No. 99,657 ('657) involves:
(A) The same application of Herz et al.; and
(B) Application serial No. 535,205 filed 12/23/74, now U.S. Patent No. 3,958,992, issued 5/25/76 for "1,3-Disulfonylcycloalkanes as Silver Halide Solvents" by R. Greenwald. The real party in interest is Polaroid Corporation.

would have exposed facts unfavorable to the party." II Wigmore on Evidence, §§ 285, 286.

\* \* \* \* \* \*

In '657 where Dr. Greenwald is named as the sole inventor, neither conception nor reduction to practice can, in our view, be established from the record before us. A key concern in determining whether a party's record makes out a reasonable case for a prior reduction to practice by a preponderance of the evidence is "consistency among the individual components of evidence." [Citation omitted.] If we assume, as we must, that Dr. Greenwald's testimony would have exposed facts unfavorable to Greenwald, such consistency, or cohesiveness, cannot be found. No "background or framework" has been laid which can be "corroborated" and Herz et al., who are presumed to be the first inventors, 37 CFR 1.257(a), have been denied the opportunity to hear the inventor's version of "the circumstances under which the invention was made" and to cross-examine as to consistency and cohesiveness of Greenwald's case for priority. We conclude, therefore, that in the absence of Dr. Greenwald's testimony, or a reasonable explanation for its absence, Greenwald cannot, and has not, made out a case for priority by a preponderance of the evidence.

In '656, despite the testimony of coinventor Borror, the testimony of Greenwald was deemed necessary, Greenwald being the "active" inventor and, thus, the one who "would best lay the foundation from which the circumstances surrounding the invention could be determined." The lack of Greenwald's testimony, without reasonable excuse therefor, was held to "defeat" the junior party's case for priority.

The board then concluded by stating:

Had Dr. Greenwald testified, however, and his testimony was not inconsistent with that of the other three witnesses, an actual reduction to practice would have been reasonably established from the evidence in both interferences.

All other Herz objections to the evidence were rejected as well as Herz's allegations of fraud on the part of Polaroid.[2] In both interferences, priority was awarded to senior party Herz.

## OPINION

The question raised on appeal is whether appellants' case is fatally defective for failure, without explanation, to present testimony of the inventor Greenwald. It is clear from the above quoted portion of the board's opinion that, but for the absence of such testimony, priority of invention would have been awarded to Polaroid. The award of priority to Herz resulted only because the board believed that the absence of inventor testimony defeated Polaroid's case as a matter of law.

Because the inventor was not called and no explanation or excuse for his absence was given, the board ruled that a negative inference must be drawn, to the effect that, had he been called, he would have contradicted the testimony of other witnesses. Since a party's case must be evaluated for consistency among the evidentiary components and since consistency could not be found because of the negative inference, the junior party, in the board's view, could not and did not prove priority by a preponderance of the evidence.

If consistency can never in any case be established where there is such a negative inference, the board has created a *per se* rule that a party cannot prove priority unless either the inventor is a witness or the absence of his testimony is adequately excused. The authorities and the underlying principles do not support so rigid a construction of the evidentiary rules.

*Foundation*

■■■ It is apparent from the board's characterization of the testimony of Borror as an inventor in '656 and as a "corroborator" in '657 and from its lengthy discourse on the meaning of "corroborate," that basic to the board's rationale is the rule of law

**2.** We find no error in the board's decisions on these issues.

that the testimony of an inventor must be corroborated on all points relating to priority of invention.[3] It is only in relationship with an inventor's testimony that the sobriquet "corroborator" is appropriate. The testimony of witnesses, other than the inventor, is not *ipso facto* of a subordinate nature. On the contrary, it is only the inventor's testimony that cannot stand alone. Where no inventor testimony is present in the case, the witnesses' testimony cannot be disregarded on the grounds that "no background or framework has been laid which can be corroborated." No foundation, other than the preliminary statement,[4] is necessary to make the testimony of appellants' witnesses legally competent as far as matters within their direct personal knowledge are concerned.[5] A contrary rule cannot be deduced from the passages from 3 Rivise and Caesar, supra note 4, § 427 cited by the board:

> In the usual case, the inventor is called as a witness to narrate the circumstances under which the invention was made. His testimony serves as a background or framework for the testimony of the other witnesses.

These statements, explaining generally how a case is usually proved, do not support an inference that inventor testimony is required. A party's case may have gaps or may lack persuasiveness without the inventor's testimony, but in such case, the party loses because of insufficient proof, not because inventor testimony, as a matter of law, is required to lay a foundation.

*Right of Cross-Examination*

■ The board relied on *Nielson v. Bradshaw*, 10 App.D.C. 92, 1900 C.D. 265 (1900), to support its statement that a party has an inviolable right of cross-examination of the adverse party's inventor. In the cited case, an affidavit of the inventor was held to be properly disregarded. It was true then, as now, that the record in an interference, in the absence of agreement of the parties, must consist of deposition testimony.[6] Such formality does afford the adverse party an opportunity to cross-examine the deponent and, indeed, the right to cross-examine any witness put forth by the other side is inviolable.

■ Cross-examination is the technique in our system of jurisprudence to test the credibility and reliability of preferred testimony. It does not follow that one party's right of cross-examination imposes a duty on the other to call any particular witness. The board erred in thinking that appellees were in some way "deprived" of this right because appellants chose not to depose the inventor.

*Negative Inference*

The board, citing 2 Wigmore, Evidence §§ 285, 286, held that the failure to present the testimony of the inventor, under established rules of evidence, creates a negative inference: "that the . . . witness, if brought, would have exposed facts unfavorable to the party."

■ We agree with the board that the unexplained absence of inventor's testimony cannot and should not be ignored. The inventor's testimony forms a natural and expectable element of an interference party's total proof. Under the evidentiary

---

3. In a recent opinion of this court, *Reese v. Hurst v. Wiewiorowski*, 661 F.2d 1222, 211 USPQ 936 (CCPA 1981), this judicially mandated requirement was reaffirmed.

4. 3 C. Rivise & A. Caesar, Interference Law and Practice § 375 at 1692; § 390 at 1754 (1947). Preliminary statements signed by the inventor Greenwald are of record here.

5. It is important to distinguish the present situation which involves testimony of witnesses not inherently objectionable as hearsay and a case where a party seeks to prove its case principally by such evidence. Where testimony of an inherently inferior nature is offered, a foundation must be laid in accordance with Fed.R.Evid. 804. While appellees here object to some of the testimony as hearsay, the board indicated that it gave such evidence limited weight. We do not find reversible error in its ruling.

6. But statements in an affidavit may be incorporated by affirmation during the witness' oral testimony. *Wiesner v. Weigert*, 666 F.2d 582 (CCPA 1981).

rule, the unexplained failure to call any known non-hostile person who has direct knowledge of facts being developed by the party raises the inference that the testimony would be unfavorable or at least would not support the case, 2 Wigmore, supra § 290(4); *Linkow v. Linkow*, 517 F.2d 1370, 186 USPQ 223 (CCPA 1975); *Alexander v. Blackman*, 26 App.D.C. 541, 550–51, 1906 C.D. 602, 608–09 (1906), unless the testimony of such a witness would be cumulative or inferior to what is utilized. 2 Wigmore, supra § 287.

▮▮ The board, however, held, as a matter of law, that if the undeposed witness is the inventor, the inference from not calling him *necessarily* defeats a party's case. This was error. The board presumed that if the inventor's testimony would not have been consistent with that of others, his testimony would have been controlling.[7] An inventor's testimony is only one possible element in proof of priority. All evidence pertaining to a party's case need not, in fact, be consistent for the party to prevail. The law requires persuasion, not perfection.

In any event, the absence of the inventor's testimony does not require an inference that his testimony would have been inconsistent with other evidence. Where there is persuasiveness and continuity in the testimony of record, with ample documentary support properly authenticated by other witnesses, the conclusion may be that the inventor would add no additional support to the party's case. 2 Wigmore, supra, § 287. On the other hand, where there is something of record that actually contradicts the party's proofs, for example, where the preliminary statement does not agree with the witnesses' testimony, the inference

of conflicting testimony might be appropriate.[8] If an explanation is given for failure to call a witness which in ordinary logic or experience is satisfactory, no negative inference at all may be appropriate (2 Wigmore, supra, § 290(3)). Where ambiguities exist in the record or there is conflicting testimony as to events which an inventor's testimony could clear up, a strong negative inference may be reasonable that his testimony would be unfavorable to his case.

Thus, we reject the concept of a *per se* rule. The rule is one of reason. What inference is reasonable under the totality of evidence in the case?

▮▮ With respect to the instant case, it is apparent from the following statement that the board found the testimony of record consistent:

Had Dr. Greenwald testified, however, and his testimony was not inconsistent with that of the other three witnesses, an actual reduction to practice would have been reasonably established from the evidence in both interferences.

It is further evident that the record provides no support for the board's assumption that the inventor's testimony would conflict with that of the three witnesses who testified. It simply believed that there was no room for judgment on the matter.[9] We also conclude that the board would have awarded priority to the junior party, but for the negative inference.[10]

▮▮ Under the circumstances of this case, we see no basis for departure from the general rule stated by 4 Rivise and Caesar, supra, § 654:

It may be stated as a general rule that in a case of straight priority, it is not

---

**7.** Anomalously, if conflicting, the inventor's testimony would have been controlling without corroboration.

**8.** While not evidence in behalf of the party making it, the preliminary statement may be used against him. 37 CFR 1.223.

**9.** The board stated:
If we assume, *as we must*, that Dr. Greenwald's testimony would have exposed facts unfavorable to Greenwald, such consistency,

or cohesiveness, cannot be found. [Emphasis added.]

**10.** We disagree with appellees that the absence of the inventor's testimony defeated the case for any other reason. The board's detailed analysis of the junior party's evidence and the above statements negate appellees' assertion that the board found it essential for the inventor to testify that he personally had a conviction of success based on the test reports.

incumbent upon the parties to testify in their own behalf, and in the absence of special circumstances failure of a party to testify cannot give rise to an unfavorable inference.

Proof of actual reduction to practice is not a "special circumstance" which requires *per se* the inventor's testimony.

Since there is no basis for drawing the inference that the inventor Greenwald's testimony would have conflicted with the evidence submitted to prove appellants' case, and since the board found appellants' claim to priority based on actual reduction to practice reasonably established by the evidence, priority should have been awarded to Polaroid. Accordingly, we *reverse*.

*REVERSED*