**In the Matter of Joseph Wayne GANNON, Debtor.**

**Bankruptcy No. 81–00003.**

United States Bankruptcy Court, D. New Jersey.

Sept. 7, 1982.

Linda Irene-Greene, Teaneck, N.J., for debtor.

James Fitzgerald, Rutherford, N.J., for Charles Taylor.

OPINION

VINCENT J. COMMISA, Judge.

This matter is before the Court upon the application of the debtor Joseph Gannon, who seeks an order (1) adjudging Charles Taylor guilty of contempt for failure to comply with the mandate of 11 U.S.C. § 362; (2) ordering said Charles Taylor to cease and desist from further attempts to collect monies from said Joseph Gannon and (3) assessing legal fees and costs incurred by Gannon in bringing on this application.

The relevant facts are as follows:

The debtor Joseph Gannon filed a voluntary petition in Chapter 7 on January 2, 1981. Therein the Beneficial Finance Co. (hereinafter Beneficial) was listed as an unsecured creditor. Charles Taylor a co-signer on the debtor's note to Beneficial was not listed on the debtor's original bankruptcy petition. Debtor's discharge was granted April 20, 1981.

In June of 1981, Beneficial sued and obtained a Judgment against Charles Taylor as co-signer on the note originally signed by Joseph Gannon. Charles Taylor then instituted an action against Joseph Gannon in the Passaic County District Court.

This matter was brought before the Court by petition for an Order to Show Cause filed on September 29, 1981.

On October 23, 1981, the debtor Joseph Gannon filed an amended schedule adding "Charles Taylor, co-signer" as an unsecured creditor. That same day, the Court signed an "order respecting amendment to list of creditors." That Order provided that the added creditor, Charles Taylor, had thirty (30) days from the date of the Order to file (1) a complaint for the purpose of objecting to the debtor's discharge; (2) a complaint to determine the dischargeability of its debts pursuant to paragraphs (2), (4) or (6) of Section 523(a) and Section 523(c) of the Bankruptcy Code; or (3) a Proof of Claim.

To date, the added creditor, Charles Taylor, has not filed an objection to the debt-

or's discharge, an objection to the discharge of this specific claim or a Proof of Claim with this Court, even though Taylor's attorney admits that Taylor had actual knowledge of Gannon's discharge in Bankruptcy since June of 1981.

Taylor contends that since he was not listed as a creditor in the original schedules of the bankruptcy petition, he had no notice of the bankruptcy proceedings and consequently, was denied his right to institute timely action to protect his rights.

While conceding that a debtor has a right to amend its petition to add additional creditor, Taylor contends that here since his claim is related to the claim of Beneficial Finance, it should have been listed at the same time the Beneficial claim was, and by not scheduling his claim at the same time, his rights were prejudiced.

In his brief, Taylor asserts that his rights were affected as he was unable to share equally in an equal distribution of the estate.

He also contends that he was precluded from raising the possibility of fraud in the Beneficial Finance loan as discovery would have been more productive and effective before the discharge was granted. This contention is without merit as the implementation of the rules of discovery is the same before as well as after a discharge is granted. Taylor was given the opportunity to contest the entire discharge under Section 727 and or the dischargeability of the Beneficial Finance loan under Section 523. The order allowing the amendment to add Taylor as a creditor provides that Taylor had thirty (30) days to file a Section 523 action and thirty (30) days within which to file a Section 727 action. The failure to file such a complaint constitutes a waiver of such rights by the objecting creditor.

Bankruptcy Rule 110 provides that a voluntary petition, schedule or statement of affairs may be amended as a matter of right at any time before the case is closed. Here, since the case is not closed, the debtor has the right to amend his schedule of creditors. In accordance with the provisions of Code Section 523(a)(3), the debt between Gannon and Taylor is dischargeable since Taylor, by his own admission, had knowledge of Gannon's petition in bankruptcy in time to permit the timely filing of a Proof of Claim.

Taylor relies upon the case of *Moureau v. Leasematic Inc.*, 542 F.2d 251 (5th Cir.1976). This reliance is misplaced as a reading of the facts in that case clearly shows that unlike this matter, no order granting the right to amend was ever granted. There the creditor never had the opportunity to file either a Section 523 or Section 727 action.

Taylor also relies upon the case of *Birkett v. Columbia Bank*, 195 U.S. 345, 25 S.Ct. 38, 49 L.Ed. 231 (1904) which held that where a creditor was not originally listed in the schedule of creditors, he was not given equal opportunity, with other creditors, to protect his rights and to participate in the affairs of the estate.

Section 523(a)(3) was enacted to overrule *Birkett v. Columbia Bank, supra.* It does not require that the creditor participate in the affairs of the estate from the outset of the case, but places emphasis on such actual or constructive notice of the case which gives the creditor the opportunity to file a Proof of Claim and a timely request for a determination of dischargeability of such claim.

Here the amendment, clearly permitted by Rule 110, provides for the opportunity to file a complaint contesting dischargeability thus protecting the creditors' rights.

In view of the above, it is the Opinion of the Court that the claim of Taylor was effectively discharged in the bankruptcy proceedings and that Taylor is hereby restrained and stayed from commencing or continuing any legal action intended to collect the debt in question. The request for a contempt order and legal fees and costs is denied.

Submit an order in accordance with the above.