**In re CAROLE'S FOODS, INC., Debtor.**

**George ROSENBERG, Trustee, Plaintiff/Appellee,**

v.

**Henry FRIEDMAN, Assignee For the Benefit of Creditors of Carole's Foods, Inc., Defendant/Appellant.**

**Bankruptcy No. 82–9036.**

United States Bankruptcy Appellate Panel for the First Circuit.

Nov. 4, 1982.

George Rosenberg, Boston, Mass., for appellee.

Henry Friedman, Boston, Mass., for appellant.

Before VOTOLATO, Chief Judge, and JOHNSON and GOODMAN, Bankruptcy Judges.

PER CURIAM.

On October 8, 1980, the Debtor, Carole's Foods, Inc., entered into an assignment for the benefit of creditors of all of its assets with the Appellant, Henry Friedman, who became the assignee for the benefit of Debtor's creditors. On December 15, 1981, the Debtor filed its chapter 11 petition. Appellant had full knowledge of the filing on January 22, 1982. George Rosenberg was appointed Trustee on February 16, 1982. Pursuant to 11 U.S.C. § 543, the Trustee filed on March 11, 1982 a Complaint for Turnover of Property held by Appellant. After hearing, the Bankruptcy Court found that Appellant is a "custodian" as defined in 11 U.S.C. § 101(10)(b), and ordered him, *inter alia,* to deliver to the Trustee any property, or proceeds of property, in his possession, custody and control as of January 22, 1982. Appellant filed a timely notice of appeal from that order. We affirm.

■ Appellant admits that he is an assignee for the benefit of creditors of the Debtor. Title 11 U.S.C. § 101(10) defines

"custodian" as including an assignee under a general assignment for the benefit of the Debtor's creditors. Title 11 U.S.C. § 543(b) states in part:

A custodian shall—

(1) deliver to the trustee any property of the debtor transferred to such custodian, or proceeds of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case. . . .

Appellant erroneously contends that the Debtor's assignment to him of its property conveyed title to said property to Appellant, and, therefore, said property is not "property of the debtor" within the meaning of section 543(b)(1). Congress clearly intended otherwise:

"Property of the debtor" in section (a) [of section 543] includes property that was property of the debtor at the time the custodian took the property, but the title to which passed to the custodian.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 370 (1977) *reprinted in* 2 App. *Collier on Bankruptcy* 370 (15th ed. 1982); S.Rep. No. 95–989, 95th Cong., 2d Sess. 84–85 (1978) *reprinted in* 3 App. *Collier on Bankruptcy* 84–85 (15th ed. 1982), U.S.Code Cong. & Admin.News, pp. 5787, 5870–5871, 6326.[1]

■ Appellant contends that the bankruptcy court erred in refusing to excuse compliance with section 543(b). Section 543(d) states:

The bankruptcy court may, after notice and a hearing, excuse compliance with subsection (a), (b), or (c) of this section, if the interests of creditors, and, if the debtor is not insolvent, of equity security holders, would be better served by permitting a custodian to continue in possession, custody, or control of such property.

Assuming arguendo that this issue was properly raised below, we cannot consider its merits. Appellant has not provided a transcript of the hearing. Without a complete record, we cannot consider the factual basis for the bankruptcy judge's decision to require compliance. As it is the Appellant's duty to provide an adequate record, we conclude that he has failed to demonstrate error below. *See In re Payeur,* 22 B.R. 516, 519 (Bkrtcy.App. 1st Cir.1982).

We find no other issues properly before us which merit discussion. The judgment of the bankruptcy court is affirmed.

---

1. Appellant argues that he should not be required to turn over property transferred to him more than one year before the Debtor filed its petition in bankruptcy. Unlike sections 2a(21) and 69d of the now-repealed Bankruptcy Act, section 543 of the present Bankruptcy Code sets forth no time limitations as to when the transfer to the custodian must have occurred. *See 4 Collier on Bankruptcy* ¶ 543.01 at 543–5 (15th ed. 1982).