**Aida ROSINSKI, d/b/a New Caravan Garden Bar, Plaintiff,**

v.

**Willard BOYD, Defendant.**

Civ. A. No. 83–2354.

United States District Court, E.D. Michigan, S.D.

Dec. 7, 1983.

David E. Howell, Berkley, Mich., for plaintiff.

Marvin D. Sharon, Detroit, Mich., for defendant.

MEMORANDUM OPINION AND ORDER

FEIKENS, Chief Judge.

This is an appeal from bankruptcy court of an order entered on June 6, 1983, by the Honorable Ray Reynolds Graves denying a Petition to amend schedules. For reasons stated, I affirm the bankruptcy judge's order.

## I. BACKGROUND

The Debtor-appellant, Aida Rosinski, filed a Chapter 7 petition in bankruptcy on January 14, 1982. Among debtor's secured creditors were brothers Willard and Arnold Boyd, who were co-payees on a promissory note made by debtor. Arnold, who resided in Detroit, was properly listed as a creditor on debtor's schedule of assets and liabilities; however, Willard, who resided in Florida, was not listed. On January 23, 1982, Arnold Boyd died, and on March 22, 1982, debtor was discharged of all dischargeable debts.

On October 5, 1982, Willard Boyd, acting in his own capacity only, commenced a lawsuit against debtor in Michigan Circuit Court seeking a return of his secured property and a deficiency judgment on the unsecured debt. On November 22, 1982, the bankruptcy court entered an order to show cause why Willard Boyd should not be held in contempt because of his conduct in bringing the collection action and thereby failing to obey and comply with the provisions of 11 U.S.C. § 524 and the discharge order of March 22, 1982. A hearing was held on this matter before Bankruptcy Judge Graves on April 14, 1983. At that time Willard Boyd asserted that he was not acting in contempt of the discharge order because he was not listed or scheduled as a creditor as is required under 11 U.S.C. § 521(1), and therefore, as provided for in 11 U.S.C. § 523(a)(3), the debt owed him was not discharged. Debtor contested this assertion and claimed that, while Willard Boyd was not scheduled as a creditor, either he, his agent, or his attorney had actual knowledge of the bankruptcy, and therefore the debt was dischargeable pursuant to 11 U.S.C. § 523(a)(3)(A). Evidence and testimony

were taken on this matter during the April 14, 1983 hearing, after which Judge Graves concluded that debtor had not established that Willard Boyd had actual or constructive notice of the bankruptcy. Judge Graves therefore dissolved the order to show cause.

On March 31, 1983, debtor filed a petition to amend the schedule of assets and liabilities to include the debt owed to Willard Boyd. Objections were filed and a hearing was held on May 24, 1983. At this hearing the debtor attempted to again argue that Willard Boyd had notice, either actual, through his agent, or through his attorney, of the bankruptcy. Judge Graves ruled that such matter had already been decided at the April 14 hearing, and that debtor was precluded from rearguing the issue. Judge Graves went on to rule that the motion to amend was not brought in timely fashion, and that the equities of the situation dictated that amendment should not be allowed. For those reasons, Judge Graves issued an order dated June 6, 1983, denying debtor's petition to amend schedules. On June 15, 1983, debtor filed notice that such order would be appealed.

## II. DISCUSSION

The first matter which must be addressed is that of identifying the issues before the court on this appeal. According to debtor's statement of issues, the issues are: (1) whether the bankruptcy court committed reversible error in denying debtor's petition to amend schedules; (2) whether there was error in denying relief authorized by Title 11 of the United States Code; and (3) whether there was error in deciding that the creditor was not properly noticed. Debtor went on to devote a substantial portion of her appellate brief to arguing that Willard Boyd was indeed notified, either through his agent, his attorney, or through actual notice, of debtor's bankruptcy. However, this matter is not properly before me on appeal. The matter of notice was decided during the April 14, 1983, hearing during which Judge Graves dissolved the order to show cause issued against Wil-

lard Boyd. Judge Graves correctly noted during the May 24, 1983, hearing that the matter of notice to Willard Boyd had previously been decided. The only matter decided at the May 24 hearing was that of debtor's petition for amendment of schedules. Debtor filed a timely notice of appeal within ten days of the order denying petition to amend. Debtor did not file a timely notice of appeal within ten days of the dissolution of the order to show cause. Therefore, the matters involving notice to Willard Boyd which were decided at the April 14, 1983 hearing are not before this court on appeal. However, if these matters were before me on appeal, the only available evidence on which to decide this matter is that which was presented to Judge Graves during the April 14 hearing, and after reviewing the transcripts of the hearing, I would conclude, as did Judge Graves, that there was insufficient evidence of notice to Willard Boyd.

█ With regard to the denial of debtor's petition to amend schedules, debtor asks that I find that Judge Graves committed reversible error in denying such petition. It is well established that decisions as to whether to reopen bankruptcy cases and allow amendment of schedules are committed to the sound discretion of the bankruptcy judge and will not be set aside absent abuse of discretion. *In re Jones,* 490 F.2d 452 (5th Cir.1974). In this regard, a recent decision stated:

> It is clearly within the Court's discretion to allow a case to be reopened and amended as is sought here by the Debtors. Further, such discretion may only be reversed upon a showing of clear abuse. *In re Haker,* 411 F.2d 568 (5th Cir.1969); *Bartle v. Markson,* 357 F.2d 517 (2nd Cir. 1966); *In re Ridill,* 1 B.R. 216 (D.C.C.D. Cal.1979).

*In re Lorenzen,* 21 B.R. 129, 130 (Bkrtcy.N. D.Ohio 1982).

However, while the parties failed to raise the issue, it could be argued that the traditional scope of review in such cases has been abrogated by the Emergency Interim Rules adopted by this district on December 23, 1982, and effective as of December 25, 1982. These rules were adopted as a temporary measure in order to allow the court to continue to function in the wake of the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), and were found to be constitutional by the United States Court of Appeals for the Sixth Circuit in *White Motor Co. v. Citibank, N.A.,* 704 F.2d 254 (6th Cir.1983). Emergency Interim Rule (e)(2)(B) sets forth the standard for review in appeals to district courts and provides:

> In conducting review, the district judge may hold a hearing and may receive such evidence as appropriate and may accept, reject, or modify, in whole or in part, the order or judgment of the bankruptcy judge, and need give no deference to the findings of the bankruptcy judge. At the conclusion of the review, the district judge shall enter an appropriate order or judgment.

Based upon this it could have been argued that the traditional rule of deference to the bankruptcy court's ruling is no longer applicable.

However, on August 1, 1983, the New Rules of Bankruptcy became effective, and Bankruptcy Rule 8013 provides:

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

The United States Court of Appeals for the Third Circuit recently held that, as of August 1, 1983, it is Bankruptcy Rule 8013, not the Emergency Interim Rule, which provides the standard of review in bankruptcy appeals. *In re Morrissey,* 717 F.2d 100 (3d Cir.1983). Thus, any argument which could have been made to the effect that the Emergency Interim Rules diminished the traditional range of discretion accorded to bankruptcy judges in deciding whether to

allow amendment of schedule has been obviated by the application of Rule 8013, which reinstitutes the traditional "clearly erroneous" test. *Id.* at 104.

Debtor-appellant Rosinski has not put forth fact or argument which demonstrates that Judge Graves' decision to deny the petition for amendment of schedule was in any way inappropriate, much less an abuse of discretion or clearly erroneous. Thus, IT IS ORDERED that the June 6, 1983 order denying debtor's petition to amend schedules be, and hereby is, AFFIRMED.