**In re Robert W. ADAMS, Debtor.**

**Civ. No. 83–0373–B.**

United States District Court, D. Maine.

Aug. 1, 1984.

Richard Silver, & Louis Kornreich, Gross, Minsky, Mogul & Singal, P.A., Bangor, Maine, for debtor-appellant.

Nathaniel R. Fenton, Griffin Chapman Smith & Fenton, Bar Harbor, Maine, for creditor.

## MEMORANDUM DECISION AND ORDER

CYR, District Judge.

The bankruptcy court denied the application to reopen a bankruptcy case for the purpose of permitting the debtor to amend the schedules to include a creditor inadvertently omitted from the original schedules. The debtor filed a timely appeal.

On October 19, 1982, the debtor filed a petition in bankruptcy. Because it appeared from the schedules that no assets would be available for distribution to creditors, creditors were notified, pursuant to former Bankruptcy Rule 203(b),[1] that it was unnecessary to file claims. The notice further informed creditors that if sufficient assets for payment of a dividend were to become available, creditors would be notified and given an opportunity to file claims. During the pendency of the case, sufficient assets did not become available, and the debtor received a discharge. The case was closed as a no-asset case on April 15, 1983. On June 29, 1983, the debtor filed an application to reopen, on the ground that "through inadvertence, mistake and excusable neglect, [he had] failed to list a potential creditor on his schedules." In support of the application, the debtor filed an affidavit stating that the potential claim arose out of a pending state court action against the debtor. After notice and a hearing, the bankruptcy court denied the application to reopen.

---

1. Former Bankruptcy Rule 203(b) was superseded by Bankruptcy 2002(e) on August 1, 1983.

Pursuant to 11 U.S.C. § 350(b), a bankruptcy case may be reopened in order to accord relief to the debtor. *See also* Bankruptcy Rule 515 (superseded August 1, 1983 by Bankruptcy Rule 5010). The bankruptcy court denied the application to reopen on the ground that the unscheduled debt would remain nondischargeable under 11 U.S.C. § 523(a)(3)(A) even if the case were reopened to permit amendment of the schedules. Section 523(a)(3)(A) provides:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

. . . . .

neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing....

There is no evidence in the record on appeal which indicates whether the debt here at issue is or is not of the types specified in section 523(a)(2), (4), or (6).[2] It is implicitly clear from the order of the bankruptcy court that the bankruptcy judge proceeded upon the assumption that the unscheduled debt here in question was not a so-called "2,4,6," debt. *See In re Brown,* 21 B.R. 701, 703, 9 B.C.D. 228, 229–30 (Bankr. 1st Cir.1982). For the purposes of this appeal, the Court indulges the same assumption.[3]

Under former Bankruptcy Rule 302(e), claims ordinarily were required to be filed within six months of the first date set for the first meeting of creditors. The six-month period had expired in this case prior to the filing of the motion to reopen. However, an exception is made for cases where a notice of "no dividend" is given to creditors pursuant to former Bankruptcy Rule 203(b). In those cases, it is necessary to file claims only if at some point it appears that a dividend will be possible, and the court notifies creditors of that fact. Thereafter, the court is required to set a fixed time for the filing of claims. *See* Bankruptcy Rule 302(e)(4) (superseded August 1, 1983 by Bankruptcy Rule 3002). No order or notice fixing the time for filing claims was ever had in the instant case. Thus, should the debtor be allowed to reopen his case to include a creditor on his schedules, that creditor will not have lost the opportunity to file a proof of claim sufficient to share equally in any subsequent distribution with creditors who were initially scheduled. *Stark v. St. Mary's Hospital (In re Stark),* 7,17 F.2d 322, 324 (7th Cir.1983); *In re Zablocki,* 36 B.R. 779, 782 (Bankr.D.Conn.1984); *La Bate & Conti, Inc. v. Davidson (In re Davidson),* 36 B.R. 539, 542 (Bankr.D.N.J.1983); *see also In re Benak,* 374 F.Supp. 499, 500 (D.Neb. 1974). *But see In re Iannacone,* 21 B.R. 153, 9 B.C.D. 571 (Bankr.D.Mass.1982).

It has been stated in cases decided under the former Bankruptcy Act of 1898 that a creditor must receive information of a bankruptcy proceeding in time not only to receive his share of any dividend, but also to participate in the administration of the case. *See Birkett v. Columbia Bank,* 195 U.S. 345, 350, 25 S.Ct. 38, 39, 49 L.Ed. 231 (1904); *see also Milando v. Perrone,* 157 F.2d 1002, 1004 (2d Cir.1946). Section

---

**2.** Paragraphs (2), (4) and (6) refer to such debts as those for obtaining property by false pretenses, for embezzlement or larceny, and for willful and malicious injury.

**3.** The debtor contends in his brief that the debt is a "2,4,6" debt, and asserts that contention as a ground for reversal. The record on appeal contains a "Notice of Hearing," which states that the debtor's application and responses would be brought on for hearing. No transcript or other evidence of what transpired at that hearing appears in the record. Thus, this Court cannot consider the factual basis for the bankruptcy court's deemed finding as to the nature of the debt. *See Rosenberg v. Friedman (In re Carole's Foods, Inc.),* 24 B.R. 213, 214, 9 B.C.D. 987, 988 (Bankr. 1st Cir.1982).

In his reply brief, the debtor asserts that the creditor has waived any rights he may have under § 523(a)(3)(B) and § 523(c). This Court need not decide that issue.

523(a)(3) is intended to overrule *Birkett.* *See* 124 Cong.Rec. H 11,096 (daily ed. Sept. 28, 1978) *reprinted in* 3 app. *Collier on Bankruptcy* IX–100 (15th ed. 1984); *id.* S 17,412 (daily ed. Oct. 6, 1978) *reprinted in* 3 app. *Collier on Bankruptcy* X–26. With respect to "non-2,4,6" debts, only the creditor's rights with respect to filing a proof of claim are intended to be protected. 3 *Collier on Bankruptcy* ¶ 523.13[5] at 523–81.

The decision whether or not to reopen a bankruptcy case is committed in the first instance to the sound discretion of the bankruptcy judge. *Rosinski v. Boyd*, 35 B.R. 406, 408 (D.C.E.D.Mich.1983); *Rockland Trust Co. v. Sheerin (In re Sheerin)*, 21 B.R. 438, 439, 9 B.C.D. 491, 491–92 (Bankr. 1st Cir.1982).

Because the bankruptcy judge acted on the assumption that 11 U.S.C. § 523(a)(3)(A) would prevent the debtor from receiving any benefit as a result of the reopening of the case, the judge did not consider, for example, the circumstances surrounding the debtor's original failure to list the creditor. Accordingly, to afford an opportunity for the exercise of the discretion of the bankruptcy judge,[4] it is

ORDERED, that the order denying the application to reopen is VACATED and the application to reopen is REMANDED for further proceedings in accordance herewith.

---

4. The Court expresses no opinion as to the appropriate test or standards to be applied by the bankruptcy judge on remand. *See generally La*

*Bate & Conti, Inc. v. Davidson (In re Davidson),* 36 B.R. 539 (Bankr.D.N.J.1983).