**In re Joseph E. GALVIN, d/b/a Patrician Canteen and Patrician Caterers, Debtor.**

**Bankruptcy No. 8300324.**

United States Bankruptcy Court, D. Rhode Island.

June 20, 1985.

**584**

John A. Sabatini, Pawtucket, R.I., for debtor.

Harold Winsten, Feiner & Winsten, Providence, R.I., for creditor.

Louis A. Geremia, Quinn, Cuzzone & Geremia, Providence, R.I., Trustee.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy

### DECISION GRANTING DEBTOR'S MOTION TO ADD CREDITOR

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the debtor's motion to amend his schedules to include a judgment debt to one Americo Figliuzzi in the amount of $1,187, and on that creditor's objection to the proposed amendment.

The debt in question[1] relates to an automobile accident in July 1981 involving motor vehicles owned by Galvin (the debtor), Ludovico Sergicuomo, and (with hindsight) Americo Figliuzzi. The debtor contends that he was not aware of any liability to Figliuzzi at the time he filed his petition, because his car was being operated by his wayward son, Edward, who did not tell him the accident involved other vehicles.

Some time after the accident, a person named Sergicuomo levied an execution on Galvin's property. Only then, according to the debtor, did Edward confess that he had been involved in a collision causing damage to Sergicuomo's vehicle, but even then the son failed to say that the Figliuzzi vehicle was also involved in the same incident. When the debtor filed his Chapter 7 petition on April 28, 1983, he listed Sergicuomo, but not Figliuzzi, as a creditor. He testified that he had scheduled all of his known creditors, and did not learn of Figliuzzi's involvement until October 12, 1983, when Figliuzzi instituted supplementary proceedings against him in the Rhode Island District Court.

The debtor testified that he received a summons and complaint approximately one week after filing his bankruptcy petition, and in response, telephoned the attorney named on the summons, who informed him that the lawsuit pertained to the 1981 accident. Galvin mentioned the bankruptcy filing, and believing this to be the same creditor (Sergicuomo) he had already listed, informed the attorney that his client was listed on his bankruptcy schedules. The

Rules 7052 and 9014.

attorney replied, upon hearing that Galvin was in bankruptcy, "Don't worry about it [the lawsuit]."

The debtor's recollection of events is hotly contested by Figliuzzi's counsel, whose statements came through colloquy rather than testimony, and who denies any knowledge of the bankruptcy until sometime in 1984. Nevertheless, this creditor, mistakingly believing that there were assets in the case, argues that his failure to be notified of the bankruptcy resulted in prejudice: "The bankruptcy was not a no-asset petition in which there could be no prejudice to the creditor." Creditor's Memorandum at 3. The fact is that from the beginning this has been a no-asset case, and continues to remain so.[2] Also, the creditor asserts, without elaboration, the debtor's laches and lack of good faith as factors to be considered against his being added as a creditor.

■ Fortunately, we are not required to resolve the factual questions regarding notice or knowledge. Because of the debtor's practically unlimited statutory right to include an omitted creditor, we see no reason why the debt to Figliuzzi may not be scheduled at this time. Bankruptcy Rule 1009[3] permits a debtor to amend a voluntary petition, schedule or statement of affairs "as a matter of course at any time before the case is closed."[4] Rule 1009 constitutes a blanket authorization to amend schedules any time prior to the close of the bankruptcy case. See In re Drake, 39 B.R. 75 (Bankr.E.D.N.Y.1984). The Court of Appeals for the Third Circuit has strictly construed Bankruptcy Rule 110,[5] Rule 1009's predecessor, holding that the court is without discretion to deny leave to amend, or to require a showing of good cause. In re Gershenbaum, 598 F.2d 779 (3rd Cir.1979); accord Redmond v. Tuttle (In re Tuttle), 698 F.2d 414 (10th Cir.1983); Doan v. Hudgins (In re Doan), 672 F.2d 831 (11th Cir. 1982); In re Sheridan, 38 B.R. 52 (Bankr. D.Vt.1983); In re Gannon, 25 B.R. 360 (Bankr.D.N.J.1982); In re Jordan, 21 B.R. 318 (Bankr.E.D.N.Y.1982). In Gershenbaum, the debtor made application to amend his schedules to add a creditor after entry of the discharge, but before the case was closed. The objecting creditor argued that it was in the bankruptcy court's discretion to deny the amendment where good cause was not shown. The Third Circuit Court of Appeals rejected this contention as outside the statutory language, and in conflict with the Advisory Committee comments supporting a liberal approach to amendment of a voluntary petition:

> When the bankrupt files an application to amend a voluntary petition in bankruptcy, the court's only role under Rule 110 [1009] is to decide who should be given notice of the amendment. It does not have discretion to deny leave to amend or to require a showing of good cause.

598 F.2d at 781.

Nothing could be plainer, and in the case at bar, because the case is still open, arguments of discretion, laches and bad faith are irrelevant.

Had the case been closed, Rule 1009 would not apply and we would be guided,

---

**2.** In fact, notice was sent to all creditors pursuant to former Bankruptcy Rule 203(b) informing them that it was unnecessary to file claims, unless they received further notice to the effect that assets became available for distribution.

**3.** Bankruptcy Rule 1009 provides:

A voluntary petition, list, schedule, statement of financial affairs, statement of executory contracts, or Chapter 13 Statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby. On motion of a party in interest, the court may order any voluntary petition, list, schedule, statement of financial affairs, statement of executory contracts, or Chapter 13 Statement to be amended and the clerk shall give notice of the amendment to entities designated by the court. The amendment shall be filed in the same number as required of the original.

**4.** The debtor received a discharge on June 30, 1983, but for reasons unknown, especially in view of its no-asset status, the case is still open.

**5.** Former Bankruptcy Rule 110 was superceded by Bankruptcy Rule 1009 on August 1, 1983.

instead, by Bankruptcy Code § 350(b), pursuant to which "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." It is only at the stage where a case is closed, that the court may exercise discretion whether to allow reopening to permit a creditor to be added. *See In re Lorenzen*, 21 B.R. 129 (Bankr.N.D.Ohio 1982), which held that in its discretion, the court should determine if the debtor has used "reasonable diligence" in filling out his schedules and whether the debtor's omission qualifies as "excusable neglect" to warrant reopening of the case. *See In re McNeil*, 13 B.R. 743 (Bankr.S.D. N.Y.1981).

Since this case has not been closed, as a matter of law, we may not inquire into the issue of good cause. Based on the record, however, and in. the event that review is sought of this ruling, we also find that there is no evidence of bad faith, or failure by the debtor to exercise reasonable diligence. The facts indicate, rather, that the debtor, who appeared to be neither clever or sophisticated, but who was a truthful witness, simply did not know of this creditor until he was summoned to appear in state court, six months after he had filed for bankruptcy. The debtor properly listed one party to the accident, Mr. Sergicuomo, and there is nothing to suggest that he would not have also scheduled Figliuzzi's debt, had he known of it. Thus, even were this case now closed, we would, on the facts presented, grant the debtor's request to re-open to add this creditor. *See In re Rosinski*, 759 F.2d 539, 149 Bankr.L.Rep. (CCH) ¶ 70,376 (6th Cir.1985) (harm to creditor, rather than whether notice was received, is key inquiry in adding creditor late); *In re Adams*, 41 B.R. 933, 11 C.B. C.2d 124 (D.Me.1984) (in no-asset case with no claims deadline, re-opening to add creditor causes no prejudice). *See also Stark v. St. Mary's Hospital (In re Stark)*, 717 F.2d 322 (7th Cir.1983); *In re Zablocki*, 36 B.R. 779 (Bankr.D.Conn.1984).

■ The granting of the debtor's motion to amend to add an omitted creditor does not, however, determine that the included debt is discharged. *See In re Gershenbaum, supra.* The Advisory Committee Note to Rule 1009 states that "[i]f a list or schedule is amended to include an additional creditor, the effect on the dischargeability of the creditor's claim is governed by the provisions of § 523(a)(3) of the Code." Section 523(a)(3) provides:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

. . . .

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

Pursuant to § 523(a)(3)(B), an unscheduled debt of a kind specified in paragraphs (2), (4) or (6), is not discharged unless the creditor had "notice or actual knowledge" of the case in time to permit the filing of a dischargeability complaint within the limits set by the court. *See* S.Rep. No. 989, 95th Cong., 2d Sess. 78–79 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

In this case, the time for filing complaints to determine dischargeability expired on June 29, 1983, and it has not been shown that Figliuzzi knew of the bankruptcy prior to that date. Accordingly, Figliuzzi is allowed thirty days from the date of this decision within which to file any complaints or objections to which he may be entitled.

Enter judgment accordingly.

Dated at Providence, Rhode Island this 20th day of June, 1985.