**In re James E. FRAZA, Gail A. Fraza, Debtors.**

**Bankruptcy No. 90–10137.**

United States Bankruptcy Court, D. Rhode Island.

Aug. 18, 1992.

Leo J. Dailey, Nolan & Dailey, Coventry, R.I., for debtors.

Thomas B. Orr, Newport, R.I., for Orix Credit Alliance, Inc.

Louis A. Geremia, Chapter 7 Trustee, Cuzzone, Geremia & Civittolo, Providence, R.I.

## DECISION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on August 6, 1992, on the Debtors' Motion to Reopen their bankruptcy case, to add Orix Credit Alliance ("Orix") to

---

the schedules as an unsecured creditor. Orix objects to the motion on the grounds of fraud, laches, and prejudice.

After hearing, we make the following findings of fact and conclusions of law: In October 1989, James Fraza guaranteed a business debt of his son, Scott Fraza, to Orix in the amount of $248,849. About three months later, James and Gail Fraza, filed a Chapter 11 petition on January 31, 1990. According to James Fraza, this three month old loan was current when he and his wife filed their Chapter 11 petition, and this is why they did not list it as a contingent debt, nor include Orix as a contingent creditor.

Thereafter, in May, 1990, barely four months later, while in the midst of their pending bankruptcy, and *after* their case had been converted to Chapter 7,[1] Gail Fraza guaranteed a second loan from Orix to her son, which debt was in excess of $400,-000.[2] When this guarantee was given, no disclosure was made of the Frazas' pending bankruptcy. Moreover, the guarantee executed by the Frazas expressly provides that if the guarantors "at any time become insolvent ... or if a petition in bankruptcy ... shall be commenced by ... us [Frazas'], any and all of our obligations shall at your sole option [Orix], forthwith become due and payable upon notice." Notwithstanding these disclosure requirements, the Frazas' failed to make known to Orix their pending bankruptcy case.

Orix's counsel represented at the hearing (and we have no trouble believing) that Orix would not have made the second loan to Scott Fraza had it been aware of his parents' pending bankruptcy. The Debtors' did not rebut or object to this representation and accordingly, having no independent basis upon which to disagree, we accept it as a true and completely reasonable statement of fact.

Soon after receiving the proceeds of the second loan, Scott Fraza defaulted on both of his obligations to Orix and, in December 1990, Orix filed suit in the Providence County Superior Court against Scott Fraza and the guarantors, James and Gail Fraza. According to Orix, it was not until this time that it learned of James and Gail Frazas' pending bankruptcy, a full six months *after* the bar date for filing proofs of claim had passed. Despite the commencement by Orix of the state court litigation naming them as defendants, the Frazas still did not amend their schedules to add Orix as a creditor.

Two months later, in February, 1991, Scott Fraza also filed for bankruptcy protection, and even upon the happening of this event, the Debtors did not amend their schedules to add Orix as a creditor. On November 6, 1991, the elder Frazas' bankruptcy case was closed. Seven months later, in June, 1992, the Frazas filed the instant motion to reopen their bankruptcy case for the sole purpose of adding Orix as a creditor.

Orix resists being added as a creditor on the grounds of: (1) laches—that the Debtors acted negligently and in bad faith in not amending their schedules to add Orix as a creditor during the pendency of their bankruptcy case, and that even after the case was closed, the Debtors waited an inordinate amount of time to bring the instant motion; (2) fraud—that Gail Fraza acted fraudulently in guaranteeing the second loan to her son, Scott, while in bankruptcy herself, and without disclosure of that fact to Orix; and (3) prejudice—that the Debtors' two and one-half year delay in seeking to add Orix as a creditor, coupled with Mrs. Fraza's alleged fraud in not disclosing her pending bankruptcy, caused actual prejudice to Orix, in that it would not have made the second loan to Scott Fraza had it been aware of the fact that its guarantor was in bankruptcy.

The Bankruptcy Code section relevant to our consideration of this motion is 11 U.S.C. § 350(b) which provides:

---

**1.** This case was subsequently converted to Chapter 7 on March 21, 1991.

**2.** Although not completely clear to the Court, it appears that Gail Fraza's post-bankruptcy guarantee was intended to encompass the original loan of October, 1989, as well as the second loan of May, 1990.

(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

In *In re Gray*, 60 B.R. 428 (D.R.I.1986), the District Court articulately described the application of § 350(b):

It is settled beyond cavil that reopening rests within the sound discretion of the bankruptcy court and depends upon the facts of each case.... In exercising this discretion anent 'omitted creditor' cases (like the one at bar), bankruptcy courts have looked in particular to whether the debtor's failure to include the omitted creditor on the original schedule was part of a scheme of fraud or intentional design ... and/or whether the creditor will be unfairly prejudiced if reopening is permitted.... Reopening is a congiary to be bestowed upon the deserving, not a matter of right. *Id.* at 429 (citations omitted).

Moreover, in this Court's lower decision in *In re Gray*, 57 B.R. 927 (Bankr.D.R.I. 1986), *aff'd in relevant part*, 60 B.R. 428, we ruled that "the debtor is held to a standard of reasonable diligence in ascertaining and listing all creditors," 57 B.R. at 930, (citing *In re Galvin*, 50 B.R. 583, 586 (Bankr.D.R.I.1985) (other citations omitted)). We also cited with approval, *Onlon Andrews, Inc. v. Gilbert (In re Gilbert)*, 38 B.R. 948 (Bankr.N.D.Ohio 1984), and adopted the court's holding that "a mistaken belief did not relieve the debtor of his duty to file accurate schedules." *Gray*, 57 B.R. at 931; *accord In re Galvin*, 50 B.R. 583 (Bankr.D.R.I.1985).

 In the case at bar these same principles apply and serve as guidance, requiring a showing by the Frazas of the exercise of reasonable care and diligence in the filing of their schedules, and sufficient justification for their failure to list Orix as a creditor. On the facts presented, the Frazas have not met their burden in either regard. In particular, James Fraza did not sufficiently explain his failure to list Orix

as a creditor in the Chapter 11 case, nor did he provide any basis for his and Mrs. Fraza's failure to amend their schedules at any time during the ensuing two years. Moreover, Mrs. Fraza, who did not appear at the hearing to present her version of the facts, has totally failed to: (1) carry her burden of persuasion, and (2) refute Orix's allegations of fraud and reliance on her guarantee. *See In re Colonial Bakery, Inc.*, 108 B.R. 13, 15 (Bankr.D.R.I.1989) ("under the evidentiary rule, the unexplained failure to call any known non-hostile person who has direct knowledge of facts being developed by the party raises the inference that the testimony would be unfavorable or at least would not support the case.") *Id.* at 15 (citing *Borror v. Herz*, 666 F.2d 569, 573–74 (C.C.P.A.1981) (other citations omitted)).

In addition, we reject as legally insufficient, Mr. Fraza's ostensible reason for not listing Orix at the outset—that his son's loan with Orix was then current. As stated in *Onlon Andrews, Inc.*, 38 B.R. at 951, such mistaken belief provides no defense to the debtor, especially where, as here, the loan was practically new. Furthermore, even after these loans went into very early default, the Frazas still did not amend their schedules to add this creditor. Accordingly, we find that the Debtors' subsequent dilatory conduct belies any reasonable justification for not having named Orix in the first place. On this point, we find the legislative history to § 350(b) instructive: "[t]hough the court may permit reopening of a case so that the trustee may exercise an avoiding power, laches may constitute a bar to an action that has been delayed too long." H.R.Rep. No. 595, 95th Cong., 1st Sess. 338 (1977); S.Rep. No. 989, 95th Cong., 2d Sess 49 (1978), U.S.Code Cong. & Admin.News 1978, 5787. We think this is a classic case for the application of laches.[3]

Finally, on the issue of prejudice, we find as a fact and conclude as a matter of law that Gail Fraza's concealment of the fact that she was in bankruptcy caused quantifiable harm to Orix. We accept as a given

---

**3.** It is undisputed that Orix did not acquire actual knowledge of the Debtors' bankruptcy until almost one year after the filing, and six

months after the deadlines for filing proofs of claim and nondischargeability complaints.

that Orix would not have made the second loan to Scott had it been informed of Gail Fraza's status as a Chapter 7 debtor in bankruptcy when it sought and obtained her guarantee.

In these circumstances, we hold that: (1) Orix would be unfairly prejudiced if we authorized the reopening of the Debtors' bankruptcy case for the purpose of adding Orix as a creditor; and (2) the Debtors' have failed to establish sufficient justification for either their failure to list Orix at the outset, or for their unwarranted and unexplained delay in later moving to amend their schedules to include Orix as a creditor.

Accordingly, for all of the above reasons, the Debtors' Motion to Reopen is DENIED.

Enter Judgment consistent with this opinion.