**In re William and Lisa McGUIRE, Debtors.**

**No. 00–12578.**

United States Bankruptcy Court, D. Rhode Island.

Aug. 25, 2003.

Peter M. Iascone, Esq., Newport, RI, for Debtors.

Maryann Patalano, Esq., North Providence, RI, for Creditors, Gentle Chiropractic Center, Inc.

Marc Wallick, Esq., Wallick & Paolino, Warwick, RI, Chapter 7 Trustee.

## ORDER DENYING MOTION TO REOPEN

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on the Debtors' Motion to Reopen their Chapter 7 bankruptcy case and to amend their schedules to add a creditor, Gentle Chiropractic Center, Inc. (Chiropractic). Chiropractic objected, an evidentiary hearing was held, and upon consideration of the evidence, the arguments, the applicable law, and for the reasons discussed below, the Motion to Reopen is DENIED.

### FACTS

On February 5, 1998, Lisa McGuire was injured in a motor vehicle accident when a truck crossed into her lane of travel and struck her vehicle. *See* Chiropractic Exhibit 1, Automobile Accident Questionnaire. McGuire treated from February 13, 1998 through March 3, 1999, incurring medical costs, with Chiropractic, of $2,372. *See* Chiropractic Exhibit 4, Itemized Statement. At all relevant times McGuire was represented by Sinapi Law Associates in her claim against the tortfeasor, and on two occasions McGuire granted Chiropractic a lien on any monetary recovery. The first lien, dated February 13, 1998, appeared on the reverse side of Chiropractic's Automobile Accident Questionnaire, *see* Exhibit 1, and the second lien, offered on February 26, 1998, was actually handled by Attorney Sinapi in connection with a request for medical reports from Chiropractic. *See* Gentle Chiropractic Exhibit 2.

On July 26, 2000, the McGuires filed a Chapter 7 case, but their schedules failed to disclose either the personal injury claim

or Chiropractic's status as a lien creditor. After the Section 341 meeting of creditors on August 18, 2000, when the cause of action first came to the attention of the Trustee, the Debtors sought to amend Schedules B & C to include Lisa's personal injury claim as an asset of the Estate and to claim $8,812 of the settlement proceeds as exempt. *See* Document No. 7, Motion to Amend, filed August 30, 2000. Said Motion was granted on September 14, 2000. The Debtors failed to include Chiropractic as a creditor at this time, as well.

On September 19, 2000, the Chapter 7 Trustee hired Sinapi to also represent the estate's interest in the personal injury claim. On January 3, 2001, the Trustee filed an application to compromise the personal injury claim for $60,000, and on March 13, 2001, the Application was approved. Thereafter, the Debtors again moved to amend Schedule C to increase their claimed exemption in the settlement proceeds by an additional $17,425. The Trustee objected, and the parties eventually agreed that the Debtors would receive an additional $13,000 from the personal injury settlement, giving them a total allowed exemption of $21,812. *See* Document No. 39, Order dated September 12, 2001. Attorney Sinapi was allowed attorney's fees of $20,000 from the settlement proceeds, the balance ($18,188) went to the Trustee, and unsecured creditors were eventually paid 45.53% of their claims. Having neither actual knowledge nor notice of the bankruptcy or the settlement, Chiropractic was oblivious to all of the foregoing, and of course, saw none of the settlement money. On May 1, 2002, the case was closed. In June 2002, after filing suit in state court, Chiropractic learned of the Debtor's bankruptcy and settlement of the personal injury case. Almost one year later, the Debtors filed the instant motion to reopen.

## DISCUSSION

The applicable Bankruptcy Code section, 11 U.S.C. § 350(b), provides: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

In *In re Gray*, 60 B.R. 428 (D.R.I.1986), the District Court articulately described the application of § 350(b):

It is settled beyond cavil that reopening rests within the sound discretion of the bankruptcy court and depends upon the facts of each case.... In exercising this discretion anent 'omitted creditor' cases (like the one at bar), bankruptcy courts have looked in particular to whether the debtor's failure to include the omitted creditor on the original schedule was part of a scheme of fraud or intentional design ... and/or whether the creditor will be unfairly prejudiced if reopening is permitted.... Reopening is a congiary to be bestowed upon the deserving, not a matter of right. *Id.* at 429 (citations omitted).

Moreover, in this Court's lower decision in *In re Gray*, 57 B.R. 927 (Bankr.D.R.I. 1986), *aff'd in relevant part*, 60 B.R. 428, we ruled that "the debtor is held to a standard of reasonable diligence in ascertaining and listing all creditors," 57 B.R. at 930, (citing *In re Galvin*, 50 B.R. 583, 586 (Bankr.D.R.I.1985) (other citations omitted)). We also cited with approval, *Olon Andrews, Inc. v. Gilbert (In re Gilbert)*, 38 B.R. 948 (Bankr.N.D.Ohio 1984), and adopted the court's holding that "a mistaken belief did not relieve the debtor of his duty to file accurate schedules." *Gray*, 57 B.R. at 931; *accord In re Galvin*, 50 B.R. 583 (Bankr. D.R.I.1985).

*In re Fraza*, 143 B.R. 584, 585–86 (Bankr. D.R.I.1992).

The Debtors' schedules were inaccurate and very likely intentionally false from the inception, when they failed to include a significant personal injury claim as an asset of the estate, and the Debtors and their attorneys passed up many opportunities while the case was pending and before any funds were disbursed, to correct the omission. In fact, the Debtors on two occasions amended their schedules to obtain their piece of the personal injury settlement pie, while leaving Chiropractic out of the picture completely. Lisa McGuire treated extensively with Chiropractic, granted the creditor liens on settlement proceeds on two occasions, and from all appearances simply ignored this creditor's existence as a provider of important services and as a lien creditor. I find under the circumstances that the Debtors and their representatives have not acted in good faith.

I also find that Chiropractic would suffer extreme prejudice at this stage if the case were reopened and Chiropractic added as a creditor. All of the proceeds from the settlement have been disbursed, and unsecured creditors have received a substantial dividend. At the very least, if the professionals had done their jobs professionally, Chiropractic would have shared in the distribution to general creditors. At best (and without question what should have happened in this case), Chiropractic would have been paid in full based on its lien. For the foregoing reasons, the Debtors' Motion to Reopen is DENIED, Gentle Chiropractic is free to pursue its claim in the state court, and to take whatever action it deems appropriate regarding the conduct of the professionals in the case.

Enter judgment consistent with this order.